**Robert L. McANALLY, Plaintiff,**

v.

**W. W. SMITH, Defendant and Third-Party Plaintiff,**

v.

**Duffy A. SASSER, Third-Party Defendant.**

**Civ. A. No. CA–6–348.**

United States District Court,
N. D. Texas,
San Angelo Division.

Aug. 21, 1974.

George S. Finley, Smith, Davis, Rose, Finley & Hofmann, San Angelo, Tex., for plaintiff.

Douglass D. Hearne, Stayton, Maloney, Hearne, Babb & Cowden, Austin, Tex., for defendant.

MEMORANDUM

WOODWARD, District Judge.

The above case was tried before a jury in Lubbock, Texas, with consent of all parties, on July 9, 1974 with the plaintiff and defendant being personally present and each represented by counsel.

Plaintiff, by his complaint, seeks to enforce a judgment which plaintiff alleges is owned by him by virtue of an assignment of said judgment from the Standard Leasing Company. A judgment was originally obtained on January 24, 1972 against the defendant, W. W. Smith, and third-party defendant herein, Duffy A. Sasser. Plaintiff, Robert L. McAnally, is seeking to enforce the judgment only against Mr. Smith in this suit. There is a diversity of citizenship with the jurisdictional amount sufficient to confer jurisdiction on this court under 28 U.S.C. § 1332.

The chronology of the events in this case are as follows:

1. On May 12, 1969, Duffy Sasser and W. W. Smith owed Standard Leasing $30,846.42.

2. On July 17, 1970, Smith and Sasser entered into a contract whereby Sasser agreed to hold Smith harmless for a number of debts, the Standard Leasing debt being one of those named.

3. On October 28, 1971, Sasser and McAnally entered into a contract whereby McAnally agreed to relieve Sasser of all obligations (including the Standard Leasing debt) in exchange for certain stock owned by Sasser which was to be placed into an escrow account with a Clovis, New Mexico bank and delivered to McAnally when all the listed obligations against Sasser were satisfied.

4. On January 24, 1972, Standard Leasing obtained a default judgment against Sasser and Smith.

5. On November 28, 1973, Standard Leasing assigned its interest in the judgment to McAnally.

6. On December 28, 1973, McAnally sued Smith in this cause on the judgment.

The jury, in response to the one special issue submitted, found that the plaintiff, Robert L. McAnally, was acting on behalf of or for the benefit of Duffy Sasser at the time he obtained the Standard Leasing Company judgment. Based on this verdict of the jury

the defendant has moved for a judgment that the plaintiff take nothing and the plaintiff opposes such motion. The basis of the defendant's motion is twofold: 1) that the finding of the jury that Mr. Sasser acquired the judgment or that it was acquired for his benefit entitles Mr. McAnally to enforce his hold harmless agreement against Mr. Sasser concerning the debt in question, and 2) that under the applicable law, when a co-judgment debtor (such as Sasser) acquires a judgment it is automatically extinguished against all of the judgment debtors.

The plaintiff contends that there is no evidence to support the jury's finding and has also moved for the entry of judgment in his favor.

The first inquiry by this court is whether or not the issue as answered by the jury is sufficient as a matter of law to be a defense to this suit. In the opinion of this court such a fact finding will bar the plaintiff's recovery. It appears to be the law of this state that "the assignment of a judgment to or for the benefit of the judgment debtor satisfies the judgment, for the reason that two antagonistic rights of creditors are merged into one and the same person." Rich v. Smith, 481 S.W.2d 162, 163 (Tex.Civ.App.—Fort Worth, writ ref'd n. r. e.), citing to 46 Am.Jur.2d, Judgments, Section 891 at page 1028. Therefore, the jury, having made such a finding of fact, such a fact bars the plaintiff's recovery in this case if such a finding is supported by the evidence.

Hence, the second inquiry of this court—whether there is sufficient evidence from which the jury could make this finding? The record indicates that the testimony of the defendant is sufficient to support such an answer. Upon being questioned by Mr. Hearne, W. W. Smith responded as follows:

"Q. Upon the occasion of those conversations between you and Mr. McAnally, with respect to this Standard Leasing Company judgment, did he make any man-

ifestation as to whether or not he was pleading for himself or for Mr. Sasser in any way?

A. Yes, sir. He told me that he was working for Mr. Sasser.

Q. What was the date of the last conversation that you had with Mr. McAnally in any way pertaining to the judgment made the subject matter of this case?

A. It would have been sometime last year, or it was hot, so I would say it was in July or August of last year.

Q. Upon the occasion of that conversation did he make any reference as to his relationship to Duffy Sasser?

A. He informed me that he was still working for Duffy."

In addition to this testimony from which the jury could reasonably infer that the plaintiff, Robert L. McAnally, obtained the assignment of the Standard Leasing judgment on behalf of or for the benefit of Duffy Sasser, there is evidence of a close personal relationship between the plaintiff and Duffy Sasser.

Furthermore, the very circumstances surrounding this suit evidence the determined fact as shown by the above chronology of events.

Under the provisions of the contracts which speak for themselves, under the actions and representations made by the plaintiff to the defendant, and under the relationship between Duffy Sasser and the plaintiff, Robert L. McAnally, it is the opinion of the court that there is sufficient evidence from which the jury could reasonably infer that the plaintiff was acting for the benefit of or on behalf of Duffy Sasser in obtaining the judgment from Standard Leasing. Therefore, such assignment extinguished the judgment not only as a matter of law but under the Smith-Sasser contract, and the plaintiff is barred from recovering on such a judgment against the defendant, W. W. Smith.

Even though the law were to hold that the assignment of a judgment to a co-judgment-debtor did not extinguish the liability of the other co-judgment-debtor, the relationship between Sasser and Smith in this case by virtue of their contract of July 17, 1970 would dictate a finding in favor of the defendant under the jury's verdict. Sasser agreed to hold Smith harmless for any liability on the debt in question and when he acquired ownership of this debt (as determined by the jury), he cannot now recover from Smith by the device of having the nominal owner of the judgment, Mr. McAnally, to sue on his behalf.

Therefore, this court grants the defendant's motion for judgment and denies the plaintiff's motion for judgment.