**MURPHEE PROPERTY HOLDINGS, LTD., Appellant,**

v.

**SUNBELT SAVINGS ASSOCIATION OF TEXAS, Appellee.**

No. 01–90–00753–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 24, 1991.

Terry G. Wiseman, Houston, for appellant.

Lynne Liberato, Haynes & Boone, Houston, for appellee.

Before MIRABAL, O'CONNOR and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

This is an appeal of a declaratory judgment following a bench trial on stipulated

facts. Appellee, Sunbelt Savings Association of Texas (Sunbelt), brought suit against appellant, Murphee Property Holdings, Ltd. (Murphee), seeking a declaratory judgment on two issues:

(1) whether Sunbelt should have been made a party defendant in the real property tax foreclosure suit styled *Mission Bend Municipal Utility District No. 1 v. Highway 6 Venture, a Texas Limited Partnership* ("the tax suit"); and

(2) whether, absent Sunbelt's joinder, the tax suit judgment rendered should be considered invalid as to Sunbelt, and the foreclosure sale conducted as a result of such judgment considered void.

The trial court rendered judgment in favor of Sunbelt on both issues, and further found that Sunbelt was entitled to recover from Murphee damages of $65,699.75, the amount of the statutory redemption penalty Sunbelt had paid under protest to Murphee.

In January 1986, Sunbelt obtained a lien on 61.4378 acres of real property by virtue of a promissory note and deed of trust executed by Highway 6 Venture, a limited partnership. Highway 6 Venture defaulted on this note in July 1986.

On October 21, 1986, Mission Bend Municipal Utility District No. 1 ("the District") filed the tax suit against Highway 6 Venture to collect taxes assessed against the 61 acres of land during 1985, and to obtain the judicial foreclosure of the District's tax lien.

Sunbelt, the record lien holder on the property, was not made a party to the tax suit. By certified mail from the District's attorney, Sunbelt received written notice on November 3, 1986, of the tax suit and the fact that its lien interest in the property was subject to cancellation by virtue of the District's tax lien.

Although Highway 6 Venture was served with citation, it failed to appear in the tax suit. On December 19, 1986, the District was granted a default judgment against Highway 6 Venture for $105,-445.88, and for the judicial foreclosure and sale of the property. On December 26, 1986, Sunbelt received written notice, again by certified mail from the District's attorney, that judgment in the tax suit had been entered, and that Sunbelt's interest in the property could be lost if it did not take immediate action.

On February 3, 1987, Sunbelt foreclosed on the property as a result of Highway 6 Venture's failure to cure its default on the promissory note, which had occurred in July of 1986. Sunbelt purchased the property at the foreclosure sale and recorded the deed in the Deed Records of Harris County on February 3, 1987.

Thereafter, on March 3, 1987, Murphee purchased the property at the tax foreclosure sale for $262,679. On March 9, 1987, the Constable's Deed conveying the property to Murphee was filed in the Deed Records of Harris County, Texas.

In June of 1987, under the terms of a letter agreement between Sunbelt and Murphee, Sunbelt redeemed the property from Murphee pursuant to TEX.TAX CODE ANN. § 34.21 (Vernon 1982). Under protest, Sunbelt paid Murphee its purchase price at the tax foreclosure sale plus a 25 per cent redemption penalty of $65,669.75, and received Murphee's deed. The letter agreement recited that Sunbelt would file a declaratory judgment suit to obtain a determination of "whether it was necessary to make Sunbelt a party to the ... [District's] tax foreclosure suit relating to the property and whether a valid judgment could be entered in such suit absent Sunbelt's joinder." Either party had the right to appeal an adverse judgment. If the highest court to address the issues in the declaratory judgment suit issued a final judgment in Sunbelt's favor, Murphee would pay Sunbelt $65,669.75, the penalty amount. If the highest court's final judgment was adverse to Sunbelt, Murphee would have no obligation to pay Sunbelt the penalty amount. Other terms, none of which are disputed, included the agreement that each party would pay its own attorney's fee.

Following a bench trial on stipulated facts, the trial court found that (1) Sunbelt should have been joined as a party to the tax suit, and (2) as a result of non-joinder,

the judgment entered in the tax suit was "not valid as to Sunbelt." The court further ordered that Sunbelt recover the $65,669.75 tax redemption premium from Murphee and awarded Sunbelt damages in that amount. On appeal, Murphee asserts three points of error.

■ In its second point of error, Murphee contends the trial court erred in rendering judgment for Sunbelt because its finding that Sunbelt should have been made a party to the tax suit was incorrect. Murphee argues, first, that the Texas Property Tax Code [1], effective January 1, 1982, does not require the joinder of lien holders, and second, that Sunbelt had actual notice of the pendency of the tax foreclosure suit.

Prior to the enactment of the Texas Property Tax Code, article 7328 [2] required that a record lien holder be made a party defendant to a tax foreclosure suit and be served with process "as in ordinary foreclosure suits." Murphee contends that because TEX.TAX CODE ANN. § 33.43 (Vernon 1982) does not include a similar reference, but requires merely that the "owner" of property be named in a petition to collect delinquent taxes,[3] the legislature intentionally changed the law to remove the lien holder as a necessary party to tax foreclosure litigation. Murphee argues that the legislature intended this change because a lien holder has no standing to defend a suit with regard to property it does not own, and a taxing jurisdiction may not recover judgment against the lien holder for taxes it does not owe. In short, Murphee asserts, there is "absolutely no benefit to the lien holder, the taxpayer, the taxing jurisdiction, or the judicial system in making a lien holder a party to a delinquent tax suit."

Murphee acknowledges that actual notice to a lien holder of the pendency of a tax action seeking foreclosure of a superior lien is "absolutely required" under due pro-

cess and due course of law, citing *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). Nevertheless, Murphee contends, joinder into the litigation is not now the appropriate way to give a lien holder notice.

In contrast to former article 7328, the Texas Tax Code's comparable section, section 33.43, is silent on the subjects of joinder and notification of record lien holders. Nevertheless, the position of Sunbelt, like that of any other record lien holder on a property about to be sold as a result of a tax foreclosure suit, is accurately described in TEX.R.CIV.P. 39(a) as that of "a person who claims an interest relating to the subject of the action and [who] is so situated that the disposition of the action in his absence may ... as a practical matter impair or impede his ability to protect that interest." Such a person, rule 39(a) mandatorily states, "shall be joined in the action" if that person is subject to service of process. This application of rule 39(a) comports with the admonition of rule 2 that, unless exceptions are stated, the rules of civil procedure "shall govern the procedure in ... district courts ... in all actions of a civil nature."

An unbroken line of decisions by Texas Courts, dealing with a variety of statutes, has uniformly held that a lien holder must be joined as a party in a suit to enforce a tax lien, and that any judgment rendered absent the joinder of such a lien holder is defective in that it does not dispose of the rights of all of the parties interested in the property. *Coakley v. Reising*, 436 S.W.2d 315, 318 (Tex.1968), *appeal after remand sub nom. Coakley v. Crow*, 457 S.W.2d 431, 433 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.), *cert. denied, Coakley v. Reising*, 402 U.S. 906, 91 S.Ct. 1376, 28 L.Ed.2d 646 (1971); *Norris v. Harry Hott & Assocs., Inc.*, 612 S.W.2d 630, 632 (Tex.Civ.App.—Dallas 1981, no writ); *San-*

1. TEX.PROP.CODE ANN. Title I (Vernon 1982).

2. Act of June 7, 1927, 1927, 40th Leg., 1st CS., ch. 99, § 1, 1927 Tex.Gen.Laws 260, *repealed by* Act of June 13, 1979, 66th Leg., RS., ch 841, § 6(a)(1), 1979 Tex.Gen.Laws 2330.

3. Section 33.43(a) provides that "[a] petition initiating suit to collect a delinquent property tax is sufficient if it alleges that ... the person sued owns the property when the suit is filed if the suit seeks to foreclose a tax lien." TEX.TAX CODE ANN. § 33.43 (Vernon 1982).

*chez v. Hillyer–Deutsch–Jarratt Co.,* 27 S.W.2d 634, 635 (Tex.Civ.App.—San Antonio 1930, writ ref'd); *State Mortgage Corp. v. Grooss,* 12 S.W.2d 260, 262 (Tex.Civ. App.—San Antonio 1929, writ dism'd w.o.j.); *Ball v. Carroll,* 92 S.W. 1023, 1026 (Tex.Civ.App.—Galveston 1906, writ ref'd).

Here, the District was aware of Sunbelt's identity, address, and interest in the property, and Sunbelt was unquestionably subject to service of process. Thus, faced on the one hand with the silence of section 33.43 regarding joinder of lien holders, and on the other hand with the mandate of rule 39 that a person in Sunbelt's position be joined, the trial court did not err in finding that Sunbelt should have been joined as a defendant in the tax suit to obtain a valid foreclosure of Sunbelt's lien.

Murphee further contends that a record lien holder's actual notice of the pendency of a tax action (which notice Sunbelt stipulated) is all that is required by due process and due course of law, not joinder. As authority, Murphee relies on *Mennonite Board of Missions v. Adams.* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). However, *Mennonite* is distinguishable in that it involved the *nonjudicial* foreclosure of a tax lien under an Indiana statute. The Supreme Court held that the statute permitting notice of a nonjudicial foreclosure sale by publication to a mortgagee was constitutionally inadequate because it did not afford the mortgagee adequate notice or an opportunity to present its objections. *Id.* at 798, 103 S.Ct. at 2711. The Court did not address the requirements of due process in the context of a *judicial* proceeding to foreclose a tax lien.

The *Mennonite* opinion did, however, describe a mortgage lien holder's interest as "a substantial property interest that is significantly affected by a tax sale." 462 U.S. at 798, 103 S.Ct. at 2711. This description supports the trial court's finding that Sunbelt possessed a significant interest in the subject matter, which in turn necessitated its joinder under rule 39 as a defendant in the tax suit to foreclose the District's tax lien. In any event, the Supreme Court's approval of actual notice in *Mennonite*

does not prevent Texas from requiring joinder of interest holders in judicial foreclosures in order to protect and determine their interests.

Point of error two is overruled.

■ In point of error one, Murphee contends the trial court erred in rendering judgment for Sunbelt because the trial court did not find that the tax suit judgment was invalid *in its entirety,* as required by the parties' letter agreement. In its related point of error three, Murphee contends that the trial court erred in awarding Sunbelt the amount of the statutory redemption penalty, $65,669.75, because the conditions precedent to such an award, as set forth in the letter agreement, were not fully satisfied.

The letter agreement, the pleadings, and the declaratory judgment all consistently showed the first question presented for determination to be: whether it was necessary for Sunbelt to be made a party to the tax suit. The second question presented was not pursued with such consistency. The letter agreement stated the second question for declaratory judgment to be: "whether a valid judgment *could be rendered* in [the District's tax foreclosure] suit *absent Sunbelt's joinder.*" (emphasis added.) Sunbelt's petition, in its paragraph VII, pleaded that the judgment "be considered invalid *as to [Sunbelt]."* (emphasis added.) The prayer in Sunbelt's petition sought a determination "that a valid judgment *could not be rendered* in the Tax suit *absent Sunbelt's joinder ..."* (emphasis added.) The trial court found and declared that "since Sunbelt was not joined as a proper party ... the judgment in that suit is not valid *as to Sunbelt."* (Emphasis added.)

Murphee argues in its two points of error that the trial court erred in rendering judgment for Sunbelt and in awarding Sunbelt the redemption penalty sum, because the declaratory judgment determinations fail to conform to the issues stated for determination in the letter agreement. Murphee urges that the letter agreement clearly required, before Sunbelt was entitled to the return of the redemption penalty sum, that

the trial court declare both that Sunbelt was a necessary party *and* that the foreclosure judgment was valid *in its entirety,* not merely *as to Sunbelt.*

Murphee did not preserve this complaint at trial either by objection to the manner in which Sunbelt's live pleadings stated the question or by its motion for new trial. To preserve the complaint for appellate review, a challenge to the judgment must have been raised in the trial court. TEX. R.APP.P. 52(a).

The judgment is proper because it resolves the issues presented by the parties. *Bonniwell v. Beech Aircraft Corp.,* 633 S.W.2d 553, 557 (Tex.App.—Houston [14th Dist.] 1982), *rev'd in part and aff'd in part,* 663 S.W.2d 816 (Tex.1984). The dispute between Sunbelt and Murphee turned on whether Murphee became the owner of the real property at the District's foreclosure sale, such as to entitle it to require a redemption penalty from Sunbelt under section 34.21 of the Texas Tax Code. The declaratory judgment determined that Murphee could not be an owner because the foreclosure sale by which it obtained its title was invalid as to Sunbelt, which had a prior recorded lien and was not joined in the District's tax foreclosure suit. The award of the $65,669.75 redemption penalty sum to Sunbelt was therefore proper.

Murphee's points of error one and three are overruled.

The judgment is affirmed.