BW VILLAGE, LTD., Appellant,

v.

TRICON ENTERPRISES, INC., Appellee.

No. B14–93–00191–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 12, 1994.

Rehearing Denied June 9, 1994.

Steven E. Halpin, Houston, for appellant.

George W. Lederer, Houston, for appellee.

Before SEARS, ROBERTSON and ROBERT E. MORSE, Jr. (Sitting by Designation), JJ.

## OPINION

ROBERT E. MORSE, Jr., Justice, Sitting by Designation.

This is an appeal of a summary judgment granted to a former owner of an 11.562–acre tract of land, Tricon Enterprises, Inc. ("Tricon"), against whom delinquent *ad valorem* taxes had accrued against the land that was held subject to a non-recourse note and deed of trust. Summary judgment was denied to the mortgagee/vendor's lien-holder, BW Village, Ltd. ("BW Village"), who sought to enforce a personal judgment obtained by assignment from the taxing authorities. We reverse and render.

Five years after obtaining title to the tract of land from BW Village, Comvest Corporation, Trustee, ("Comvest") conveyed the land to Tricon, subject to prior liens and a wraparound note and deed of trust given by Comvest. The Note contained express provisions that the Maker, Comvest, shall have no personal liability for any sums due under the Note, and, that the Payee, BW Village, shall look solely to the property and not seek a deficiency or money judgment against the Maker. The deed of trust provided that if the Grantor thereof should fail to pay all taxes, Beneficiary *could,* at its option, pay them, and sums so paid shall be deemed a part of the secured debt and recoverable as such. Instead of exercising such option, BW Village bought interests in a judgment that was obtained by the taxing authorities against Tricon. Nothing in the note or deed of trust expressly prohibited the noteholder from taking assignments of judgments against future owners and enforcing liens securing such judgments; nothing in the documents required indemnity of such tax defaulters from accountability in accordance with statutory provisions with regard thereto.

The facts are undisputed. On June 13, 1983, Comvest, as trustee, acquired 11.562 acres of land from BW Village. Comvest gave BW Village a note for $413,111.30 secured by a deed of trust. The note was non-recourse, and the land was the sole collateral. On May 23, 1988, Comvest conveyed the land to Tricon by special warranty deed. In 1990, Tricon ceased paying the taxes on the tract of land.

On October 24, 1991, Harris County (the "County"), Spring Independent School District (the "School District"), and Harris County Water Control and Improvement District No. 136 (the "Water District") (collectively the "Taxing Authorities") sued Tricon for unpaid 1990 and 1991 *ad valorem* taxes on the 11.562–acre tract.

On January 20, 1992, BW Village was joined as a defendant "*in rem* only." "[A] lien holder must be joined as a party in a suit to enforce a tax lien, and … any judgment rendered absent the joinder of such a lien holder is defective in that it does not dispose of the rights of all of the parties interested in the property." *Murphee Property Holdings, Ltd. v. Sunbelt Sav. Ass'n,* 817 S.W.2d 850, 852 (Tex.App.—Houston [1st Dist.] 1991, no writ).

On May 4, 1992, the Taxing Authorities won a judgment against Tricon for $25,875.58 in unpaid taxes, and a foreclosure sale was ordered to enforce their tax liens. *See* TEX. TAX CODE ANN. § 32.01(a) (Vernon Supp. 1994) (on January 1 of each year, a tax lien attaches to property to secure payment of all taxes ultimately imposed on the property for

the year). The effect of this judgment as to BW Village was that its deed-of-trust lien was now subject to preemption by the tax liens. *See Sunbelt,* 817 S.W.2d at 851. However, BW Village was not jointly and severally liable with Tricon for the judgment and was joined as a party solely in its capacity as a lienholder.

On June 18, 1992, before the tax foreclosure sale occurred, BW Village purchased assignments of the School's and Water Control District's respective interests in the judgment against Tricon. These judgments amounted to $20,204.71 in past-due taxes plus interest and costs. The record does not reflect that BW Village bought an assignment of the remaining judgment interest belonging to the County, and it is unclear from the record whether BW Village paid off the taxes owed to the County. However, that is not material to a resolution of this appeal. On July 7, 1992, BW Village foreclosed on the land under its deed-of-trust lien and bought the land at foreclosure.

On July 23, 1992, BW Village demanded that Tricon pay the judgments. Tricon refused and then sued BW Village for declaratory and injunctive relief. Tricon sought a judgment: (1) declaring that Tricon had no liability to BW Village for unpaid taxes; (2) declaring that the interests in the Taxing Authorities' judgment assigned to BW Village were void and unenforceable; (3) enjoining BW Village from enforcing the Taxing Authorities' judgment; and (4) granting specific performance of the provisions of the note and deed of trust. BW Village counterclaimed for a declaratory judgment that the Taxing Authorities' judgment was enforceable, and that BW Village could execute and levy upon the judgment separate and apart from rights and liabilities of the parties pursuant to the note and deed of trust.

Both sides moved for summary judgment. The trial court granted Tricon's motion and denied BW Village's. After a trial to the court solely on the issue of attorney's fees, the court awarded attorney's fees to Tricon. BW Village appeals.

In two points of error, BW Village complains that the trial court erred in granting Tricon's motion for summary judgment and denying its own.

The movant for summary judgment has the burden to show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management, Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In the present case, there are no disputed fact issues, and we decide the case on the law.

Tricon's ownership of the land was subject to the original note and deed of trust. The deed of trust provided that "all of . . . the rights conferred upon the . . . Grantor[ ] named herein, shall . . . inure to the benefit of . . . [its] heirs, executors, administrators, grantees, and assigns." We construe the contract as a complete instrument, and "consider each part with every other part so that the effect and meaning of one part on any other part may be determined." *See Smart v. Tower Land & Inv. Co.,* 597 S.W.2d 333, 337 (Tex.1980), quoting *Steeger v. Beard Drilling, Inc.,* 371 S.W.2d 684, 688 (Tex. 1963).

The note provides:

Anything to the contrary notwithstanding contained in this Note or in the Deed or Deed of Trust herein referred to, . . . the Maker hereof shall have no personal or corporate liability of any kind whatsoever to anyone for payment of any principal, interest, attorney's fees or any other sums of whatsoever kind due under this Note, . . . and in the event of default, the Payee shall look solely to the Subject Property . . . and shall not ever seek any deficiency or money judgment against the Maker hereof. . . .

The deed of trust states:

That in the event Grantors shall fail to pay promptly when due all taxes and assessments, . . . then [BW Village] may, at [its] option . . . pay such taxes and assessments, pay any tax title thereon . . . ; that any sums which may be so paid out by [BW Village] . . . shall be paid by Grantors to [BW Village] upon demand, at the same place at which said note is payable, and shall be deemed a part of the debt hereby

secured and recoverable as such in all respects.

For purposes of this appeal, the note provides that Comvest and Tricon, as Comvest's grantee, have no personal or corporate liability to BW Village and must look solely to the mortgaged land to satisfy any indebtedness under the note. The deed of trust requires Tricon to pay the taxes on the land, but provides that in the event of non-payment of taxes, BW Village "may" pay the taxes and add that amount to the debt remaining under the note.

Tricon argues that this case is controlled by *Smart v. Tower Land & Inv. Co., supra,* and its companion case, *Wood v. Henry S. Miller Co.,* 597 S.W.2d 332 (Tex.1980). *See also Georgetown Assocs., Ltd. v. Home Fed. Sav. & Loan Ass'n,* 795 S.W.2d 252 (Tex. App.—Houston [14th Dist.] 1990, writ dism'd w.o.j.) *and compare with Vista Dev. Joint Venture II v. Pacific Mut. Life Ins. Co.,* 822 S.W.2d 305, 308–09 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

These cases stand for the proposition that a mortgagee is precluded from bringing suit to establish a mortgagor's personal liability to the mortgagee for unpaid property taxes when (1) the mortgage contract between the parties is non-recourse, and (2) the contract provides that, if the mortgagee pays delinquent taxes owed by the mortgagor, then the amount paid becomes part of the non-recourse indebtedness under the mortgage note. Under these circumstances, the mortgagee's only recourse is foreclosure of its deed-of-trust lien. Further, under *Smart* and *Wood,* the mortgagee cannot evade the terms of the contract by paying the taxes and then recovering against the mortgagor under principles of *equitable subrogation. Smart,* 597 S.W.2d at 338.

■ We note that BW Village did not sue for "equitable subrogation," but simply put on a different hat and acted in a *separate capacity* when it stepped into the shoes of the taxing authority and sought to enforce that judgment. BW Village did not *pay the taxes* due and owing on behalf of Tricon; instead it *purchased* the judgments. In *buying the judgment interests* from two of the three Taxing Authorities, BW Village en-gaged in a commercial transaction independent of, and not prohibited by, the mortgage contract provisions. We do not interpret the mortgage contract as insulating Tricon from personal liability to third-party lienholders. Nor does it prohibit BW Village from stepping into the shoes of a third-party lienholder.

*Smart* and *Wood* hold that, when the mortgagee and mortgagor are otherwise bound by contract, *the equities* do not permit the mortgagee to pay the taxes and then sue the mortgagor for subrogation. The resolution of the present case does not depend on *the equities* but instead on the simple application of well-established *principles of law,* i.e.: "A judgment or part of a judgment of a court of record ... may be sold, regardless of whether the judgment ... is assignable in law or equity, if the transfer is in writing." Tex. Prop.Code Ann. § 12.014(a) (Vernon 1984).

It is undisputed that BW Village obtained written assignments of the School's and Water District's judgments against Tricon. Since the note and deed of trust is silent on the right of either party to enforce an assigned money judgment against the other, there is no impediment to BW Village's enforcing against Tricon the judgment interests it purchased from the taxing districts. We hold that *Smart* and *Wood* are not dispositive of this appeal, and that BW Village is not contractually prohibited from wearing the hat of the third-party judgment creditors.

Tricon argues that the assignments by the School and Water Districts of their respective interests in the judgment against Tricon were nullities because BW Village "paid" the delinquent taxes and thereby extinguished the underlying tax claims against Tricon. Tricon contends that the districts no longer had claims to assign. However, the districts did not assign to BW Village their "claims" or "causes of action" against Tricon; they "sold" their *judgment interests.* That is, BW Village did not actually pay the delinquent *taxes;* instead, it paid the *purchase price* for the assignment of the judgment interests. We find a legal distinction between the two because there is no impediment, contractual

or otherwise, to BW Village's purchase of judgments against Tricon.

■ Tricon next contends that BW Village was a "co-judgment debtor" with Tricon and that BW Village extinguished the judgment interests as to Tricon when BW Village paid off the judgment interests. "The general rule is that the assignment of a judgment to or for the benefit of the judgment debtor satisfies the judgment, for the reason that two antagonistic rights of creditor and debtor merge in one and the same person." *Rich v. Smith*, 481 S.W.2d 162, 163 (Tex.Civ.App.— Fort Worth 1972, writ ref'd n.r.e.), quoting 46 AM.JUR.2D *Judgments* § 891 (1969). Tricon relies on *McAnally v. Smith*, 379 F.Supp. 1129 (N.D.Tex.1974). Sasser, a co-judgment debtor, had contracted to hold Smith, another co-judgment debtor, harmless for the debt underlying the judgment. An assignee of the judgment creditor later attempted to collect the judgment against Smith. The court found that the assignee was acting for the benefit of Sasser and was barred from enforcing the judgment against Smith by the hold-harmless agreement between Sasser and Smith. It further found that the judgment was extinguished against all judgment debtors as a matter of law when it was acquired on Sasser's behalf. *Id.* at 1130–31.

The facts clearly show that BW Village was *not* a "co-judgment debtor," as contemplated by *Rich* or *McAnally*. The Taxing Authorities joined BW Village in the suit against Tricon *in rem* and solely as the lienholder to comply with legal requirements and facilitate the enforcement of the tax lien against the land. As stated earlier, "a lien holder must be joined as a party in a suit to enforce a tax lien, and ... any judgment rendered absent the joinder of such a lien holder is defective in that it does not dispose of the rights of all of the parties interested in the property." *Sunbelt*, 817 S.W.2d at 852. However, nothing in the record supports the contention that BW Village and Tricon were jointly and severally liable for the payment of taxes. Therefore, BW Village did not acquire the assignments of the judgment interests as a "co-judgment debtor," and the judgment interests against Tricon were not thereby extinguished.

■ Finally, Tricon insists that, when BW Village foreclosed and bought the land back, it did so subject to the tax judgment and the tax liens against the land. Tricon argues that BW Village simultaneously owned the districts' judgment interests and their respective tax liens, and the judgment interests were thereby extinguished. Although BW Village owned the land after foreclosure, it was not the owner of the land at the time that delinquent taxes accrued. *See* TEX.TAX CODE ANN. § 32.07(a) (Vernon Supp.1994). Therefore, BW Village was never personally or jointly liable on the Taxing Authorities' judgments; only Tricon, as the owner *when the taxes accrued*, remained personally liable. *Id.* Moreover, "[a] lien on land is not necessarily extinguished by the lienholder's acquisition of title to the land, and hence, when the evidence shows that it was in the interest of the owner that both estates remain separate, the law presumes an intent corresponding with such an interest." *Smith v. United States Nat'l Bank*, 767 S.W.2d 820, 823 (Tex. App.—Texarkana 1989, writ denied). BW Village's ownership of the land did not diminish its right to execute and levy on the assigned judgment interests. We find that the School and Water Districts' judgment interests against Tricon were not extinguished and that BW Village holds valid, enforceable judgments.

In sum, we hold that the trial court erred in granting Tricon's motion for summary judgment and in denying BW Village's. We sustain BW Village's points of error.

We reverse the judgment of the trial court and render judgment for BW Village. For clarity, we emphasize that BW Village is entitled to enforce the judgments it acquired by assignment from the School and Water Districts. Since the record does not show that BW Village obtained an assignment from the County, we have no opinion as to whether BW Village is entitled to enforce the County's judgment interest against Tricon.

Also, the trial court did not render summary judgment for Tricon as to attorney's fees. Rather, the court held a hearing before awarding Tricon its fees. That hearing and award clearly depended on Tricon's prevailing on the merits. Since BW Village is

**210**

the prevailing party on appeal, it is entitled to attorney's fees. BW Village's motion for summary judgment included an uncontroverted affidavit establishing necessary and reasonable attorney's fees. However, the award of attorney's fees is discretionary with the trial court. We therefore remand the cause for a hearing on BW Village's attorney's fees.

The judgment of the trial court is reversed and rendered on the merits and reversed and remanded for a hearing on attorney's fees.

ROBERTSON, Justice, dissenting.

The majority distinguishes the *Smart* and *Wood* cases on, what appears to me to·be, a hypertechnical view of the law. In those cases the supreme court held that a mortgagee cannot recover against a mortgagor under equitable subrogation when the parties contract was non-recourse and the contract prescribed that payments by the mortgagee for delinquent taxes would be rolled into the mortgage indebtedness. To hold that BW Village can avoid the *Smart* and *Wood* rule by waiting for a judgment against Tricon and then obtaining an assignment, rather than paying the taxes before judgment, is too technical. It seems to me to be distinction without a difference.

I respectfully dissent.