In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-484 CV


 ______________________



ANITA DELL WILSON, Appellant



V.



DAVID P. WILSON, Appellee






On Appeal from the 317th District Court


Jefferson County, Texas


Trial Cause No. C-189,091 B






MEMORANDUM OPINION


 David P. Wilson and Anita Dell Wilson divorced in July 2004. After the divorce, the
IRS refunded taxes in the amount of $86,282.92. David cashed the check and kept the
money. Alleging David had committed misrepresentation and fraud, Anita filed a suit for
post-divorce division of property. The trial court divided the refund evenly between them. 
With four issues, Anita appeals from the trial court's order. 

 In issue one, Anita argues the trial court abused its discretion by dividing the tax
refund check evenly. She contends David engaged in unconscionable conduct by forging her
name on the joint tax return and the refund check and by cashing the check and keeping all
the proceeds. Anita argues the court erred in failing to consider "fault and disparity between"
the parties in the division of the tax refund check.

 Section 9.201 of the Family Code authorizes a trial court to order the post-divorce
division of community property that was not divided in a final divorce decree. See Tex.
Fam. Code Ann. § 9.201 (Vernon 2006). The standard for division of such property is "in
a manner that the court deems just and right, having due regard for the rights of each party
and any children of the marriage." (1) Tex. Fam. Code Ann. § 9.203(a) (Vernon 2006). "'The
trial court's division of the property [in a post-divorce suit] should be corrected on appeal
only if the trial court clearly abused its discretion by ordering a division that is manifestly
unjust and unfair.'" In re Marriage of Notash, 118 S.W.3d 868, 874 (Tex. App.--Texarkana
2003, no pet.) (quoting Grossnickle v. Grossnickle, 935 S.W.2d 830, 836 (Tex. App.--
Texarkana 1996, writ denied)); see also Ellis v. Zieben, No. 01-04-00436-CV, 2005 WL
1308706 (Tex. App.--Houston [1st Dist.] June 2, 2005, pet. denied) (mem. op.). The burden
of showing the trial court abused its discretion is on the party challenging the trial court's
action. See generally Notash, 118 S.W.3d at 874. 

 A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner,
or when it acts without reference to any guiding principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985). Under the abuse of discretion
standard, the legal and factual sufficiency of the evidence are not independent grounds of
error but are merely factors in assessing whether the trial court abused its discretion. See 
Granger v. Granger, 236 S.W.3d 852, 856 (Tex. App.--Tyler 2007, pet. denied). The mere
fact that a trial judge decides a matter within his discretionary authority in a different manner
than an appellate court would in a similar circumstance does not demonstrate abuse of
discretion. Downer, 701 S.W.2d at 241-42. An abuse of discretion does not occur when the
trial court bases its decisions on conflicting evidence. Garner v. Garner, 200 S.W.3d 303,
310-11 (Tex. App.--Dallas 2006, no pet.). As long as some evidence of a substantive and
probative character exists to support the trial court's decision, there is no abuse of discretion. 
Granger, 236 S.W.3d at 855-56. 

 The "just and right" standard in section 9.201 authorizes the trial court's division of
property equally or unequally. In re Marriage of Moore, 890 S.W.2d 821, 840 (Tex. App.--Amarillo 1994, no writ) (interpreting predecessor of section 9.203, which has "just and right"
division standard). In a post-divorce suit for division of property, "an unequal division
should not be disturbed absent a showing that the division was so disproportionate, unjust,
and unfair, that it was a clear abuse of discretion." Ellis, 2005 WL 1308706, at *3. Under
the same standard, unless a division is so unjust and unfair that it constitutes an abuse of
discretion, an equal division likewise should not be disturbed.

 In dividing the property, the court may consider various factors, including fault. See
Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981); see also Ohendalski v. Ohendalski, 203
S.W.3d 910, 914 (Tex. App.--Beaumont 2006, no pet.) (The trial court's division of the
marital estate need not be equal, and fault is one of the many factors that the court may
consider in making a division of the community estate.); Doyle v. Schultz, No. 05-01-00563-CV, 2002 WL 22119, at *3 (Tex. App.--Dallas Jan. 9, 2002, no pet.) (not designated for
publication).

 Anita contends the trial court should have divided the tax refund unequally because
of David's conduct. There is evidence in the record that David did not inform her of the
existence of the funds, and that he cashed the check and kept the funds for himself. There
is evidence that someone other than Anita signed her name to the check. David testified he
thought, based on his interpretation of the divorce decree, that the tax refund proceeds
belonged to him and that Anita's attorney had given David permission to sign her name and
keep the money. In the findings of fact, the trial court found that David had this belief, and
that the evidence was insufficient to prove a fraudulent scheme to withhold the money from
Anita. The trial court found no fraud. The finder of fact is the judge of the credibility of the
witnesses and the weight to be given their testimony. London v. London, 192 S.W.3d 6, 14
(Tex. App.--Houston [14th Dist.] 2005, pet. denied). Under the record in this case, we hold
the trial court did not abuse its discretion in dividing the tax refund evenly. We overrule
issue one.

 In issue two, Anita argues the trial court erred as a matter of law when it refused to
allow testimony of the actual amount David paid for the assignment to him of Hibernia
Bank's prior judgment against Anita. Hibernia, a judgment creditor of Anita, was an
intervenor in the present suit. During the pendency of the suit, David purchased the
judgment from Hibernia Bank and pled the judgment as an offset. The record does not show
David to be liable on the note. The trial court excluded evidence of the amount David
actually paid for the Hibernia judgment and instead offset the full amount of that judgment
against the amount the trial court awarded Anita on the tax refund.

 Anita argues that David is a fiduciary with respect to the community-property tax
refund, and that this status makes the purchased judgment something other than an "arms-length, or secured transaction." She asserts he cannot offset the full amount of the assigned
judgment against any tax refund amount she was awarded. Case law provides that after the
trial court enters a divorce decree, if the trial court did not dispose of all community property,
the former spouses become co-tenants or joint owners of the property. Bishop v. Bishop, 74
S.W.3d 877, 879 (Tex. App.--San Antonio 2002, no pet.) (citing Busby v. Busby, 457 S.W.2d
551, 554 (Tex. 1970)); In re Marriage of Moore, 890 S.W.2d at 840. In the absence of an
agreement or contract providing for it, there is no fiduciary or agency relationship between
co-tenants or tenants in common. In re Marriage of Notash, 118 S.W.3d at 872 (citing
Donnan v. Atl. Richfield, 732 S.W.2d 715, 717 (Tex. App.--Corpus Christi 1987, writ
denied)). The fiduciary duty between husband and wife terminates on divorce. Grossnickle,
935 S.W.2d at 846. David did not owe Anita a fiduciary duty based solely on their
relationship as joint owners of the tax refund. 

 Anita also relies on the provisions of the divorce decree and the "Irrevocable Rule 11
Memorandum of Agreement and Mediated Agreement." She argues the divorce decree
contains language making David an indemnitor, and the offset must be limited to what he
paid for the judgment. The divorce decree's indemnity language regarding David relates to
his responsibility for "all federal income tax liabilities of the parties from the date of
marriage through December 31, 2003," and to his responsibility for specific debts allocated
to him under the divorce decree. The divorce decree states, in pertinent part, the following:

 [David] shall timely pay any deficiencies, assessments, penalties, or interest
due thereon and . . . indemnify and hold [Anita] and her property harmless
therefrom unless such additional tax, penalty, and/or interest resulted from
[David's] omission of taxable income or claim of erroneous deductions. In
such case, the portion of the tax, penalty, and/or interest relating to the omitted
income or claims of erroneous deductions shall be paid by [David] excluding
the 941 tax lien liability owed by [Anita], or any tax liability owed by Anita &
Misti, Inc.


To the extent the divorce decree makes David an indemnitor of Anita, the indemnity's scope
is limited to certain of the parties' federal income tax liabilities over a prescribed period of
time and to certain specific debts not relevant here.

 Anita argues that an indemnitor who settles with a third party is entitled to
reimbursement only of the amount the indemnitor actually expended. She cites Cox, Colton,
Stoner, Starr & Co., P.C. v. Deloitte, Haskins & Sells, 672 S.W.2d 282, 285-87 (Tex. App.--El Paso 1984, no writ). Even if David were an indemnitor as to Anita on the question at
issue here, the Cox case does not support her position. Under Cox, the indemnitee (not the
indemnitor) who settled the action is the one "entitled to reimbursement limited to the
amount of his net outlay properly expended. . ." from the indemnitor. Id. at 286. Two other
cases cited by Anita relate to offsets in the child-support-modification context and do not
involve assignments of judgments. See Beck v. Walker, 154 S.W.3d 895, 905-06 (Tex. App.--Dallas 2005, no pet.); Stofer v. Linville, 662 S.W.2d 783 (Tex. App.--Houston [14th Dist.]
1983, no writ). 

 Anita does not challenge the validity of the assignment of the Hibernia judgment to
David. See Tex. Prop. Code. Ann. § 12.014(a) (Vernon Supp. 2007). By virtue of the
assignment, David is a judgment creditor and can enforce the judgment. See generally BW
Village, Ltd. v. Tricon Enters., Inc., 879 S.W.2d 205, 208-09 (Tex. App.--Houston [14th
Dist.] 1994, writ denied); Williams v. Hedrick, 131 S.W.2d 187, 189-90 (Tex. Civ. App.--Beaumont 1939, writ dism'd judgm't cor.). Judgments can be offset against each other. See
Bonham State Bank v. Beadle, 907 S.W.2d 465, 467-68 (Tex. 1995). As a judgment creditor,
David is entitled to an offset of the full amount of the judgment against the amount awarded
to Anita under this judgment. The trial court did not err in refusing to allow testimony setting
out the amount David paid for the assignment of the Hibernia judgment. We overrule issue
two. 

 In issue three, Anita argues the trial court erred in signing a final order that did not
comport with the original ruling in the case. At the conclusion of the evidentiary hearing,
the trial judge stated his ruling as follows: 

 I'm going to award [Anita] a judgment against [David] in the amount of
$43,141.50. I'm going to deny attorney fees to either side. . . . That's the only
ruling that I'm going to make. I believe that's 50 percent of the amount.

 I think the attorneys have adequately explained to their clients what my
logic and reasoning for what is in that, and I don't see any further need to
explain it at this time.

 So, we need a judgment in that amount.


Later, the trial court held a hearing on David's motion to enter the written judgment. There,
the trial judge was presented with a written judgment that included the offset; the amount of
the assigned judgment was offset against the $43,141.50 awarded to Anita as one-half of the
tax refund.

 At the hearing, Anita's attorney stated that the written judgment "reflects [the trial
court's] ruling." The trial court signed the judgment the same day as the hearing. Trial
counsel's statement assured the judge that the written judgment comported with the trial
court's ruling. See Tex. R. Evid. 801(e)(2). The modification of an oral ruling is not in itself
a procedural error. "A trial court has plenary power to modify, correct or reform its judgment
at any time before it becomes final." See Bray v. Bray, 618 S.W.2d 93, 96 (Tex. Civ. App.--Corpus Christi 1981, writ dism'd) (citing Tex. R. Civ. P. 329b). 

 In her last issue, Anita argues the trial court erred in denying her claim for attorney's
fees. Under section 9.205 of the Family Code, the trial court is given the discretion to award
"reasonable attorney's fees" in a proceeding to divide property previously undivided in a
decree of divorce. Tex. Fam. Code Ann. § 9.205 (Vernon 2006); see Pletcher v. Goetz, 9
S.W.3d 442, 447-48 (Tex. App.--Fort Worth 1999, pet. denied). Here, the trial judge denied
Anita's request for attorney's fees. Anita asserts she is the prevailing party and, as such, is
entitled to attorney's fees. She also contends she is the indemnitee and David the indemnitor
under the divorce decree and the Rule 11 Memorandum Agreement and Mediated
Agreement, and as a result she is entitled to attorney's fees. David's indemnitor status, Anita
argues, "alters" the trial court's discretion to award attorney's fees. 

 The indemnity portions of the decree and agreement do not apply to the tax refund. 
The trial court awarded Anita one-half the tax refund, but found no fraud. The court found
David was entitled to the offset that he pled and on which he offered evidence; the court
ordered the offset in the judgment. Both parties prevailed on certain aspects of their claims. 
The trial court did not abuse its discretion in denying Anita an award of attorney's fees. We
overrule issue four. The judgment is affirmed.

 AFFIRMED. 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on June 6, 2008

Opinion Delivered July 17, 2008

 

Before Gaultney, Kreger, and Horton, JJ.




1. There were no children from the marriage.