**Affirmed and Memorandum Opinion filed December 22, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00753-CV

## WOODROW W. MILLER, ASSIGNEE OF JUDGMENTS 2 CASH, LLC, Appellant

## V.

## ROYAL ISD, WALLER COUNTY AND WALLER-HARRIS ESD#200, Appellees

### On Appeal from the 506th Judicial District Court
### Waller County, Texas
### Trial Court Cause No. 2012-12-7500

## M E M O R A N D U M   O P I N I O N

In this appeal from a final judgment following a bench trial, appellant, Woodrow W. Miller ("Miller"), asserts the evidence does not support the trial court's judgment awarding delinquent taxes in favor of appellees, Royal ISD, Waller County and Waller-Harris ESD#200 ("Waller").[1]  We affirm.

---

[1]  Appellant styles his notice of appeal as an "Appeal of Interlocutory Judgment" but

Royal ISD filed this suit against Doretha Byman Mason, Johnnie Mae Campbell, Sawyer Lee Byman, Jr., and Judgments 2 CA$H, LLC ("J2C") to collect delinquent taxes on an eight-acre tract of land located in Waller County.[2] Royal ISD identified J2C as a lienholder, sued *in rem* only, and later added Holland Bynam to the suit. Waller intervened seeking to collect delinquent taxes on part of the property. Royal ISD served Miller with process as the registered agent for J2C. Although Miller is not an attorney, he filed an answer for J2C as its "registered agent and assignee,[3] *pro se*."[4]

Following a bench trial, the trial court signed a final judgment in favor of Royal ISD and Waller against Johnnie Mae Campbell, Holland Bynam Heir to Sawyer Bynam, Jr., Doretha Byman Mason, and Sawyer Lee Byman, Jr. Although the judgment names J2C, it does so as a lienholder *in rem*, and it specifically awards judgment solely against "each defendant not identified herein as a lienholder a personal judgment for all sums set out in the foregoing Schedule . . . ."

Miller appeals, challenging the evidentiary support against J2C for the delinquent-tax judgment.[5] Specifically, Miller challenges the trial court's rendition

provides no statutory authority for such interlocutory appeal under Texas Civil Practice & Remedies Code section 51.014, or otherwise. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2015). We determine that we have jurisdiction, however, because we conclude that the trial court's judgment, following a trial on the merits and containing finality language, is a final judgment. *See Lehmann v. Har-Con Corp*, 39 S.W.3d 191, 195 (Tex. 2001).

[2] "Tract #1 8.0 acres, more or less, Tract 26, John Kelley Survey, A-40, Waller County, Texas, as described in Volume No. 72, Page 44, Deed Records of Waller County, Texas, known as 8241/8243, Buller Road, Brookshire, Waller County, Texas. (Account Nos. R6819, R6820, and R6821)."

[3] For purposes of this appeal, we assume without deciding that the assignment from J2C to Miller (a) was effective; (b) vested Miller with an interest in the suit; and (c) provided Miller an appealable interest.

[4] Miller also urged counterclaims for partition and trespass to try title. He does not raise any appellate complaint regarding the disposition of those affirmative claims.

[5] In an additional issue, Miller contends the trial court "had no discretion" to preclude

of a judgment for taxes (a) where taxes were assessed against a "non-legal entity," to wit, Susie Price Estate, and (b) without sufficient evidence of ownership.

We conclude that Miller's complaints are entirely founded upon an incorrect premise: that the judgment makes J2C liable for the delinquent taxes. As previously outlined, the judgment in this case does not award delinquent taxes against J2C. Moreover, none of the individuals against whom the trial court awarded personal liability for the property taxes is a party to this appeal or otherwise appeals the judgment. The taxing authorities' pleadings named J2C as a lienholder. The judgment names J2C as a lienholder. As such, the judgment does not explicitly or implicitly[6] find J2C to be an owner of the subject properties or hold J2C individually liable for delinquent taxes. *See Comerica Acceptance Corp. v. Dallas Cent. Appraisal Dist.*, 52 S.W.3d 495, 497 (Tex. App.—Dallas 2001, pet. denied) (noting that under tax code section 32.07 "a lienholder is not an 'owner' of the property . . . [and] has no right to possession or use of the property . . . .").

Under Texas law, a lienholder must be joined as a party in a suit to enforce a tax lien. *See Jordan v. Bustamante*, 158 S.W.3d 29, 38 (Tex. App.—Houston

him from litigating on behalf of J2C. We have assumed for purposes of this appeal that Miller obtained J2C's interests by assignment; thus, we assume without deciding that Miller was entitled to litigate the assigned interest *pro se*. Yet, Miller points to no instance in which he was prohibited or forbidden to present evidence or argument. Thus, it is unclear what specific participation Miller urges he was denied.

The trial court's final judgment recites that J2C "appeared by and through their attorney." Therefore, neither J2C nor Miller were determined to be in default. Miller participated in the trial; Miller made arguments on difficulties in the chain of title. Miller negotiated a concession on the timing of the execution of judgment. Even after learning that Miller was not a lawyer, the trial court permitted Miller to continue articulating concerns about the description of the property and the location to which the tax records were sent. In fact, the trial court stated "Mr. Miller, your objections are noted in the record." Therefore, Miller has failed to articulate or establish error or harm. *See* Tex. R. App. P. 38.1.

[6] Where, as here, an appellant challenges the sufficiency of the evidence following a bench trial without seeking findings, we imply that the trial court made all findings necessary to support the judgment. *See Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003).

3

[14th Dist.] 2005, pet. denied) (noting that a tax judgment is void as to a lienholder not made a party to the suit); *see also BW Village, Ltd. v. Tricon Enterprises, Inc.*, 879 S.W.2d 205, 206 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("[A] lien holder must be joined as a party in a suit to enforce a tax lien, and . . . any judgment rendered absent the joinder of such a lien holder is defective . . . ."). The taxing authorities joined J2C as required by Texas law. The taxing authorities were not required to adduce evidence that J2C was an owner or otherwise establish its liability for delinquent taxes as they were not seeking liability against J2C. As such, Miller's complaints about the taxing authorities' failure of foundation or proof to assess taxes against J2C wholly miss the mark.

To the extent that Miller is attempting to appeal the judgment for sums awarded against those determined to be liable for the delinquent taxes, he is without standing to do so. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000) (noting the long-standing rule that "an appealing party may not complain of errors that do not injuriously affect or that merely affect the rights of others."); *see also Jordan*, 158 S.W.3d at 39 (holding that the taxpayers do not have standing to complain about the failure to join lienholders in the delinquent tax suit as it is the lienholders' injury).

We affirm the judgment of the trial court.


/s/     John Donovan
        Justice


Panel consists of Justices Boyce, McCally, and Donovan.


4