

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-11-00928-CV

**SECURITY STATE BANK & TRUST**,
Appellant

v.

**BEXAR COUNTY, TEXAS**, Northside Independent School District,
Bexar County Emergency Services District No. 8, and
Majid Nikmaram,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-16298
Honorable Solomon Casseb, III, Judge Presiding

**OPINION ON APPELLEES' MOTION FOR REHEARING**

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  December 21, 2012

REVERSED AND RENDERED; REMANDED

The motion for rehearing filed by appellees Bexar County, Texas, Northside Independent School District, and Bexar County Emergency Services District No. 8 is denied. This court's opinion and judgment dated November 30, 2012 are withdrawn, and this opinion and judgment are substituted to make a clarification.

Security State Bank and Trust (the "Bank") appeals the trial court's judgment validating a tax sale of ten acres of real property against which the Bank held a lien, and confirming clear title in the tax sale purchaser's name. The Bank asserts that, as a record lienholder, it was entitled to notice and joinder in the delinquent tax suit and to notice of the subsequent tax sale, and the lack of notice violates due process and renders the tax sale void as to the Bank. We agree. Accordingly, we reverse the trial court's judgment, and render judgment vacating and setting aside the tax sale as to the Bank's lien interest. We remand for further proceedings on the Bank's claim to quiet title to the property in its name due to the existence of a material fact question concerning whether portions of the tax sale properties are unencumbered by the Bank's lien.

## FACTUAL AND PROCEDURAL BACKGROUND

The operative facts are undisputed. On November 13, 2008, the County of Bexar, Northside Independent School District, and Bexar County Emergency Services District No. 8 (collectively the "Taxing Authorities") filed suit against Post Oak Development of Texas, Inc. ("Post Oak") to collect delinquent property taxes owed on the following real property consisting of approximately 10 acres (the "Property"):

> County Block 4670 Parcel 1S being 8.4263 acres and County Block 4693 Parcel 1G being 1.5737 acres out of the James R. Smith Survey 354 Westbrook Four Subdivision in Bexar County, Texas, as shown in Volume 08800, page 0116 of the Deed and Plat Records of Bexar County, Texas.

On May 29, 2009, the Taxing Authorities obtained a final judgment for $7,515.08 in delinquent taxes, including penalties, interest, and costs, on the Property for tax years 2007 and 2008, and judicial foreclosure on the tax lien on the Property; an order of sale for the Property was issued to satisfy the tax debt. The 10-acre Property was sold at a sheriff's sale to Majid Nikmaram in consideration for $55,000. The tax deed from the sheriff's sale was filed in the

Bexar County property records on September 24, 2009. After satisfaction of the judgment for delinquent taxes, the remaining $47,484.92 paid by Nikmaram was deposited into the registry of the court as excess proceeds and subsequently released to Post Oak.

Previously, on December 15, 2006, Post Oak had obtained a $1,650,000 loan from the Bank, which was secured by a first lien and deed of trust on 55.765 acres of real property owned by Post Oak. The 10-acre Property which was the subject of the tax sale is part of the 55.765-acre tract (the "Tract") pledged by Post Oak as security to the Bank. The Bank's deed of trust was filed in the Bexar County real property records on December 27, 2006. Post Oak subsequently defaulted on its loan, and on March 2, 2010, the Bank posted the Tract for foreclosure sale. The Bank purchased the 55-acre Tract from the substitute trustee for approximately $1.1 million, and filed the substitute trustee's deed of record on March 2, 2010.

On September 28, 2010, the Bank filed a petition against the Taxing Authorities and Nikmaram seeking a declaratory judgment vacating and setting aside the tax sale of the Property as void based on the failure to notify and join the Bank in the delinquent tax suit. The Bank subsequently added a claim to quiet title to the Property in its name based on its purchase at the foreclosure sale on March 2, 2010. The Taxing Authorities filed an answer asserting several affirmative defenses which included a limitations bar under Tax Code section 33.54 and failure to comply with a condition precedent to suit under section 34.08 of the Tax Code. TEX. TAX CODE ANN. §§ 33.54, 34.08 (West 2008). Nikmaram filed an answer asserting the same affirmative defenses based on sections 33.54 and 34.08 of the Tax Code, along with other defenses. Nikmaram also filed a counterclaim to quiet his own title and for recovery of attorney's fees.

All the parties filed motions for summary judgment. The Bank's motion for summary judgment asserted there were no material fact issues and that, as a matter of law, the tax sale was

void and it was the owner in fee simple of the Property, having purchased it at foreclosure under the substitute trustee's deed. The Bank attached the following summary judgment evidence: the deed of trust securing Post Oak's promissory note; the Taxing Authorities' petition in the delinquent tax suit; the judgment in the tax suit; the tax sale information in the tax suit; and the substitute trustee's deed, with the affidavit of Bob Rush, Senior Vice President and Branch Manager of the Bank, who was the substitute trustee.

The Taxing Authorities responded to the Bank's motion and filed their own motion for summary judgment raising four grounds: (i) immunity from liability; (ii) failure to meet a condition precedent to suit, i.e., the deposit required by Tax Code section 34.08; (iii) a limitations bar under Tax Code section 33.54; and (iv) that a tax lien takes priority over any other creditor's lien under article VIII, § 15 of the Texas Constitution. TEX. CONST. art. VIII, § 15; TEX. TAX CODE ANN. §§ 33.54, 34.08. They attached the following evidence to their summary judgment motion: their attorney's affidavit; a printout showing receipt of the Bank's deposit into the court's registry on November 18, 2010; the sheriff's deed selling the Property to Nikmaram and proof of its recording on September 24, 2009; and the Bank's petition showing a filing date of September 28, 2010. The trial court signed a Partial Summary Judgment Order denying the Bank's summary judgment motion and granting the Taxing Authorities' summary judgment motion on June 22, 2011.

On September 1, 2011, Nikmaram filed his own motion for summary judgment.[1] He moved for summary judgment based on (i) Tax Code sections 34.08 (deposit) and 33.54 (limitations) as bars to the Bank's suit, (ii) the Taxing Authorities as superior lienholders, and

---

[1] Nikmaram had also filed a response to the Bank's motion for summary judgment, attaching the affidavit of Jerry D. Wilkie, Jr., a professional land surveyor. Wilkie's affidavit stated that the Tract to which the Bank's deed of trust applies does not encompass all of the Property bought by Nikmaram, i.e., opining that portions of the Property are not encumbered by the Bank's lien.

(iii) the court's Partial Summary Judgment Order in favor of the Taxing Authorities upholding the validity of the tax sale. Nikmaram incorporated and attached substantially the same summary judgment evidence and pleadings as the other parties. The trial court granted summary judgment in favor of Nikmaram.

On December 19, 2011, the trial court signed a final judgment ordering that the Bank take nothing pursuant to its request for declaratory judgment and suit to quiet title. The court expressly declared that, "Texas Property Tax Code §§ 34.08 and 33.54 bar Plaintiff's challenge to the validity of the delinquent tax sale held on August 7, 2009 transferring the subject real property . . . to Defendant, MAJID NIKMARAM, by Sheriff's Deed recorded on September 24, 2009 . . . ." The court then held that Nikmaram has good and indefeasible title to and possession of the Property, and ordered that the Bank's March 2, 2010 foreclosure sale pursuant to its deed of trust lien be set aside and voided; the court also ordered that the cloud on Nikmaram's title to the Property created by the Bank's foreclosure sale be removed. Finally, the trial court assessed attorney's fees and expenses of $13,500 against the Bank payable to Nikmaram, plus conditional appellate attorney's fees.

The Bank now appeals, contending the trial court erred in denying its summary judgment motion and in granting the summary judgment motions of the Taxing Authorities and Nikmaram.

COMPETING MOTIONS FOR SUMMARY JUDGMENT

### *Standard of Review*

We review the trial court's grant of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When both parties move for summary judgment, and the trial court grants one motion and denies the other, the appellate court considers the summary judgment evidence presented by both sides, determines all questions presented, and, if it determines the trial court erred, renders the judgment the trial court should

have rendered.  *Id.*; *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). To be entitled to a traditional summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  *Provident Life and Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003); TEX. R. CIV. P. 166a(c).  A plaintiff moving for summary judgment on its claim must conclusively prove all the elements of its cause of action as a matter of law.  *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).  A defendant that moves for a traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action, or must conclusively establish each element of an affirmative defense.  *Long Distance Intern., Inc. v. Telefonos de Mexico, S.A. de C.V.*, 49 S.W.3d 347, 350–51 (Tex. 2001); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).  In determining whether a material fact issue exists which precludes summary judgment, we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *Valence*, 164 S.W.3d at 661; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

### *Bank's Challenge to Validity of Tax Sale*

The Bank asserts that the trial court's summary judgment rulings were erroneous because as a record lienholder it was entitled to notice of the tax sale, and the failure to notify it was a violation of its due process rights which caused the tax sale to be void as to its lien interest.  The Bank also asserts that it was a necessary party to the delinquent tax suit, and that the failure to join it in the suit renders the tax judgment, and the subsequent tax sale, void as to it.  *See* TEX. R. CIV. P. 39(a) (requiring joinder of necessary parties).  The Bank contends its declaratory judgment action was a proper collateral attack on the validity of the tax sale under well-established common law, and that it did not have to comply with the Tax Code provisions.

Finally, the Bank asserts that the application of the Tax Code provisions to bar its suit is unconstitutional.

The Taxing Authorities and Nikmaram respond that the Bank's only avenue to challenge the tax sale was pursuant to the Tax Code, and assert they conclusively established that the Bank's suit was barred because it was not filed within the statutory one-year limitations period for actions related to property sold at a tax sale; the record shows the Bank's suit was filed four days after expiration of the one-year limitations period and that the tolling provision based on payment of the delinquent taxes does not apply. *See* TEX. TAX. CODE ANN. § 33.54.[2] The Taxing Authorities and Nikmaram alternatively contend they established the Bank's suit was barred by its failure to make the statutory deposit required by section 34.08 prior to filing suit; the record shows the Bank filed suit on September 28, 2010, but did not make the statutory deposit until November 18, 2010. *See* TEX. TAX. CODE ANN. § 34.08.[3] The Taxing Authorities

---

[2] Section 33.54 of the Tax Code, titled "Limitation on Actions Relating to Property Sold for Taxes," states in relevant part that,

> (a) Except as provided by Subsection (b), an action relating to the title to property may not be maintained against the purchaser of the property at a tax sale unless the action is commenced:
>
> > (1) before the first anniversary of the date that the deed executed to the purchaser at the tax sale is filed of record . . .
>
> (b) If a person other than the purchaser at the tax sale . . . pays taxes on the property during the applicable limitations period and until the commencement of an action challenging the validity of the tax sale and that person was not served citation in the suit to foreclose the tax lien, that limitations period does not apply to that person.
>
> (c) When actions are barred by this section, the purchaser at the tax sale . . . has full title to the property, precluding all other claims.

TEX. TAX CODE ANN. § 33.54 (West 2008).

[3] Section 34.08 of the Tax Code, titled "Challenge to Validity of Tax Sale," provides in relevant part,

> (a) A person may not commence an action that challenges the validity of a tax sale under this chapter unless the person:

and Nikmaram therefore assert the trial court properly granted summary judgment in their favor based on either provision of the Tax Code, and properly denied the Bank's motion for summary judgment.

It is undisputed that the Bank had a recorded deed of trust and first lien against the Property at the time the delinquent tax suit was filed. A lienholder possesses a legally protected property interest. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983) (a mortgagee has a substantial property interest protected by Due Process Clause); *Sadeghian v. City of Denton*, 49 S.W.3d 403, 406 (Tex. App.—Fort Worth 2000, pet. denied) (lien is a property interest, but not a fee interest in property). Prior to any action that will affect a protected property interest, due process requires "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Because a tax sale significantly affects a lienholder's property interest, due process requires that the lienholder receive notice of the pending tax sale. *Mennonite Bd.*, 462 U.S. at 798 (recognizing that a tax sale diminishes, and may nullify, the value of the lienholder's security interest). A reasonable effort to provide the lienholder with actual notice is required to be made by personal service or by mail if the lienholder is identified in the public records. *Id.* at 800

---

(1)  deposits into the registry of the court an amount equal to the amount of the delinquent taxes, penalties, and interest specified in the judgment of foreclosure obtained against the property plus all costs of the tax sale; or

(2) files an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure.

(b)  A person may not commence an action challenging the validity of a tax sale after the time set forth in Section 33.54(a)(1) or (2) . . . against a subsequent purchaser for value who acquired the property in reliance on the tax sale. The purchaser may conclusively presume that the tax sale was valid and shall have full title to the property free and clear of the right, title, and interest of any person that arose before the tax sale, subject only to recorded restrictive covenants and valid easements of record set forth in Section 34.01(n) and subject to applicable rights of redemption.

TEX. TAX CODE ANN. § 34.08 (West 2008).

("Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable."). The Supreme Court explained that notice by personal service or mail is required "even though sophisticated creditors have means at their disposal to discover whether property taxes have not been paid and whether tax sale proceedings are therefore likely to be initiated." *Id.* at 799. Finally, knowledge that taxes are delinquent is not equivalent to the constitutionally required notice that a tax sale is pending. *Id.*

In addition, Texas courts have generally held that a lienholder must be joined in a delinquent tax suit in order to be bound by it. *See Mem'l Park Med. Ctr., Inc. v. River Bend Dev. Group, L.P.*, 264 S.W.3d 810, 814 (Tex. App.—Eastland 2008, no pet.); *Jordan v. Bustamante*, 158 S.W.3d 29, 38 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Murphee Prop. Holdings, Ltd. v. Sunbelt Sav. Ass'n of Tex.*, 817 S.W.2d 850, 852-53 (Tex. App.—Houston [1st Dist.] 1991, no writ); *see also Coakley v. Reising*, 436 S.W.2d 315, 318 (Tex. 1968) (persons actually or constructively known to have an interest in land should be joined as parties in tax foreclosure suit). Rule 39 of the Rules of Civil Procedure requires service and joinder of persons whose interests would be affected by a judgment. TEX. R. CIV. P. 39(a). The rule requires joinder of a person as a party in a legal action if the person claims an interest relating to the subject matter of the action, and "is so situated that the disposition of the action in his absence may . . . as a practical matter impair or impede his ability to protect that interest . . . ." *Id.*; *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex. 2004) ("Rule 39(a)(1) requires the presence of all persons who have an interest in the litigation so that any relief awarded will effectively and completely adjudicate the dispute."). A record lienholder possesses a significant interest in the property subject to foreclosure to enforce a tax lien and should be joined in the tax

suit. *See Murphee Prop.*, 817 S.W.2d at 852-53 (joinder of record lienholder in tax suit was required by Rule 39). A trial court's judgment foreclosing a tax lien is valid against the parties joined in the suit, but interested parties not joined are not bound by the judgment. *John K. Harrison Holdings, LLC v. Strauss*, 221 S.W.3d 785, 791 (Tex. App.—Beaumont 2007, pet. denied) (failure to join all interested parties in suit for delinquent taxes does not deprive court of power to render valid judgment against those parties actually named); *Jordan*, 158 S.W.3d at 38-39; *Loper v. Meshaw Lumber Co.*, 104 S.W.2d 597, 599-600 (Tex. Civ. App.—Eastland 1937, writ dism'd); *First State Bank-Keene v. Metroplex Petroleum Inc.*, 155 F.3d 732, 737 (5th Cir. 1998).

Here, as a pre-existing lienholder of record, the Bank had a property interest that it was entitled to protect which would be, and in fact was, significantly affected by the tax suit and subsequent tax sale; thus, it was constitutionally entitled to notice in order to afford it an opportunity to protect its property interest. *Mennonite Bd.*, 462 U.S. at 798-99. It is undisputed that the Bank was not served with notice of the 2009 tax suit. The Taxing Authorities acknowledged during oral argument that the Bank was entitled to notice of the tax suit and sale, and stated it is their standard practice to research the title records and serve notice of a delinquent tax suit and tax sale on record lienholders; they conceded that a mistake was made in this case, resulting in the failure to notify the Bank. *See Shepherd v. Ledford*, 962 S.W.2d 28, 33 (Tex. 1998) (a stipulation is an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto); *El Paso Natural Gas Co. v. Strayhorn*, 208 S.W.3d 676, 686–87 (Tex. App.—Texarkana 2006, no pet.).

Given that the Bank was entitled to notice of and joinder in the tax suit and tax sale, but did not receive any notice, we turn to the effect of such lack of notice and the recourse available to the Bank. A judgment entered without notice or service to an interested party is

"constitutionally infirm" in that the failure to provide notice violates "the most rudimentary demands of due process of law." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)). As opposed to a mere defect in service, a complete failure or lack of service on a party with a property interest adversely affected by the judgment constitutes a due process violation that warrants setting the judgment aside. *Id.*; *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274 (Tex. 2012). A collateral attack may be used to set aside a judgment based on a complete lack of notice to an interested party in violation of their due process rights. *Rivera*, 379 S.W.3d at 273 (citing *Peralta*, 485 U.S. at 84). Here, the record shows a complete lack of notice to the Bank constituting a due process violation which renders the tax judgment and tax sale void as to the Bank and subject to being set aside through a collateral attack. *Peralta*, 485 U.S. at 86-87 ("Where a person has been deprived of property in a manner contrary to the most basic tenets of due process, . . . only 'wip[ing] the slate clean . . . would . . . restore[] the petitioner to the position he would have occupied had due process of law been accorded to him in the first place.'") (quoting *Armstrong*, 380 U.S. at 552).

"A collateral attack seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes." *Rivera*, 379 S.W.3d at 272 (citing *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005)). Only a void judgment may be collaterally attacked. *Prostok*, 165 S.W.3d at 346. A judgment is "void," and thus subject to collateral attack, if there was a complete lack of service in violation of due process. *Rivera*, 379 S.W.3d at 275. In order to rebut the presumption that the judgment is valid and prevail on a collateral attack, the record must affirmatively demonstrate a jurisdictional defect sufficient to void the judgment, such as when the record shows a complete lack of service that violates due process. *Id.* at 273–74; *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008). A collateral attack

may be brought against a void judgment at any time; it need not be brought within a definite time period after the judgment's rendition. *Rivera*, 379 S.W.3d at 271.

Even though the Taxing Authorities acknowledge the Bank should have been joined in the tax suit, and should have received notice of the tax sale, they argue summary judgment in their favor was proper because the Bank's suit is barred by its failure to comply with sections 33.54 and 34.08 of the Tax Code. As noted, *supra*, section 33.54 provides a one-year limitations period for filing suit against a tax sale purchaser, and states that after the limitations period has run the tax purchaser obtains full title to the property. TEX. TAX CODE ANN. § 33.54. Section 34.08 creates a condition precedent to a suit that challenges the validity of a tax sale in that it requires the amount of delinquent taxes, penalty and interest be deposited prior to filing suit. TEX. TAX CODE ANN. § 34.08. The Bank concedes it did not comply with either provision of the Tax Code, but asserts it was not required to do so in order to bring a collateral attack. The Taxing Authorities and Nikmaram cite several cases holding that, regardless of the merits of a challenge to a tax sale, the challenger's suit must be brought within the Tax Code's limitations period and it must make the required deposit prior to filing suit. *See Rameses School, Inc. v. City of San Antonio*, No. 14-10-00320-CV, 2011 WL 1312279, at *7-8 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (mem. op.) (holding property owner's action to set aside tax sale as void was barred by Tax Code's limitations provision); *Roberts v. T.P. Three Enters., Inc.*, 321 S.W.3d 674, 677-78 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (trespass to try title action by adverse claimants against tax sale purchaser was barred by limitations and failure to deposit tax amount as required by Tax Code); *W.L. Pickens Grandchildren's Joint Venture v. DOH Oil Co.*, 281 S.W.3d 116, 121 (Tex. App.—El Paso 2008, pet. denied) (Tax Code's limitations period for challenging validity of tax sale applied to former mineral interest owner's suit even though it was not served with notice of tax foreclosure suit); *Session v. Woods*, 206 S.W.3d 772, 778 (Tex.

App.—Texarkana 2006, pet. denied) (regardless of merit of challenger's arguments regarding validity of tax sale, statute of limitations under Tax Code barred action to reclaim the property); *Strauss*, 221 S.W.3d at 791 (judgment was voidable as against parties not joined in tax foreclosure, but challenging party must comply with requirements in Tax Code, including limitations); *Jordan*, 158 S.W.3d at 39-40 (three-year delay in challenge to validity of tax sale barred suit and provided tax purchaser and successor in interest with full title to property). These cases are distinguishable, however, because none involved a record lienholder with a prior lien against the property. *See Rameses*, 2011 WL 1312279, at *1 (landowner filed suit to set aside tax sale as void); *Roberts*, 321 S.W.3d at 675 (adverse possession claimant brought trespass to try title action against tax sale purchaser based on lack of notice and joinder in tax suit and sale); *W.L. Pickens*, 281 S.W.3d at 118-19 (former mineral interest owner filed suit challenging tax sale as void for lack of service and joinder); *Strauss*, 221 S.W.3d at 787 (land owner brought action challenging tax sale as void for lack of notice); *Session*, 206 S.W.3d at 774-75 (adverse possession claimant brought trespass to try title action against tax sale purchaser based on lack of notice of tax sale); *Jordan*, 158 S.W.3d at 32-33 (prior land owners filed counterclaim against tax purchaser to set aside tax sales). In the one case cited to us which does involve a lienholder with a prior recorded lien against the property, the court held that the absence of the lienholder from the tax suit rendered the tax sale invalid as to the lienholder. *Murphee*, 817 S.W.2d at 854.

Having concluded that the Bank's suit was a proper collateral attack, independent of the Tax Code, based on a violation of its due process rights that renders the tax judgment and tax sale void as to it, we need not address the Bank's constitutional challenge to the application of sections 33.54 and 34.08 of the Tax Code.

## CONCLUSION

Based on the foregoing analysis, we conclude the Bank's due process rights were violated when it received no notice of the underlying delinquent tax suit and subsequent tax sale. The Bank is not bound by the tax judgment, but the tax judgment is valid as to the parties who were joined in the tax suit; Nikmaram took the Property at the tax sale subject to the Bank's lien. *See Strauss*, 221 S.W.3d at 791; *Jordan*, 158 S.W.3d at 38-39. The Bank's suit challenging the validity of the tax judgment and subsequent tax sale was a proper collateral attack, and the Bank is entitled to summary judgment on its claim to vacate and set aside the tax judgment and tax sale as to its lien interest. Accordingly, the trial court's judgment granting summary judgment for the Taxing Authorities and Nikmaram is reversed, and judgment is rendered in favor of the Bank vacating and setting aside the tax judgment and tax sale as to the Bank's lien interest. Finally, the Bank's claim to quiet title to the Property in its name is remanded to the trial court for further proceedings due to the existence of a material fact issue created by Jerry Wilkie's affidavit as to whether any portions of the Property are unencumbered by the Bank's lien.


Phylis J. Speedlin, Justice