Opinion filed February 12, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00280-CV

_____

## STEPHENS COUNTY, TEXAS, AND ITS TAX ASSESSOR-COLLECTOR TERRY SULLIVAN, Appellants

## V.

## CHRIS EATON AND KAREN EATON, Appellees

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. CV 30877**

## M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from an order in which the trial court denied Appellants' pleas to the jurisdiction that asserted governmental immunity from suit. *See* TEX. CONST. art. XI. Chris Eaton and Karen Eaton, Appellees, sued Stephens County and its Tax Assessor-Collector Terry Sullivan and alleged

"purported irregularities" in a prior tax foreclosure judgment and sale at which Appellees purchased a ten-acre tract of land. Appellants answered and filed pleas to the jurisdiction in which they asserted governmental immunity from suit. The trial court denied both pleas. Appellants timely filed this interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2015). In two issues, Appellants argue that the trial court erred when it denied their pleas to the jurisdiction and when it allowed Appellees, as tax sale purchasers, to collaterally attack the delinquent tax judgment. In their sole cross-point, Appellees allege that Appellants' actions violated their due process rights in the underlying delinquent tax suit and resulting judgment. We reverse the trial court's order in which it denied the pleas to the jurisdiction, and we dismiss Appellees' claims for lack of subject-matter jurisdiction.

*Background Facts*

On January 7, 2009, Stephens County filed suit against Juanita Faye Davis and George Dewey Davis, Jr. to collect delinquent property taxes owed on real property that consists of approximately ten acres: "A2487 T & P BLK 6, SEC 4, TRACT SE/4, ACRES 10, UDI 100.00% being that property more particularly described in Vol. 60, Page 420 of the Deed Records, Stephens County, Texas." Citation by personal service was served on George Dewey Davis, Jr. on January 22, 2009, and the return was filed with the trial court on January 28, 2009. Citation by personal service was never issued for Juanita Faye Davis. An affidavit for citation by publication upon both Juanita Faye Davis and George Dewey Davis, Jr. was filed on October 26, 2009. Citation by publication was approved and the publication was properly printed on November 7, 2009, and November 14, 2009. Neither of the Davises appeared or answered the delinquency suit.

On March 11, 2010, Stephens County obtained a final judgment for $2,432.45 in delinquent taxes, penalties, interest, and costs on the property for the

tax years 2004 through 2009 and judicial foreclosure on the tax lien on the property. An order of sale for the property was issued to satisfy the tax debt. The ten-acre property was sold at a sheriff's sale on October 5, 2010, to Chris Eaton and/or Karen Eaton in consideration for $4,500. The tax deed from the sheriff's sale was filed in the property records for Stephens County on November 5, 2010.

On December 27, 2012, the Eatons filed a petition against Stephens County and Terry Sullivan, in her capacity as tax assessor-collector, to cancel the sheriff's deed and recover the amount paid at the sheriff's sale, plus the taxes paid since the acquisition of the property. The Eatons alleged that the underlying deficiency suit, default judgment, and subsequent sheriff's sale were void for numerous reasons: (1) lack of service on Juanita Faye Davis, (2) perjured testimony about the service on both the Davises, and (3) an erroneous legal description of the property. The Eatons also conditionally sued two other claimants to the property, the Knox No. 1 Family Limited Partnership and the Bullock Family Estate, LLC, for a judicial partition of the property. These parties have not joined in this appeal.

Stephens County and Sullivan, in her capacity as tax-assessor collector, filed an answer in which they asserted several affirmative defenses, which included governmental immunity and official immunity to all of the Eatons' claims, as well as a limitations bar under Tax Code section 34.07. TEX. TAX CODE ANN. § 34.07 (West 2008). After hearings on May 9, 2013, and September 12, 2013, the trial court denied both Appellants' pleas to the jurisdiction.

*Analysis*

In their two issues, Appellants argue that the trial court erred when it denied their pleas to the jurisdiction and that Appellees do not have standing to collaterally attack the judgment in the delinquent tax suit as they were not actual, necessary, or proper parties.

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to the merits of the claim. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In deciding a plea to the jurisdiction, a court must not weigh the merits of the claim but should consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Because the question of subject-matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004).

Governmental immunity encompasses both sovereign immunity and official immunity. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). Stephens County has asserted both sovereign immunity for itself, as a political subdivision of Texas, and official immunity for Terry Sullivan, in her official capacity as the elected tax assessor-collector of Stephens County. Although both are types of governmental immunity, sovereign immunity and official immunity are two distinct doctrines aimed at different policies. *McCartney v. May*, 50 S.W.3d 599, 605 (Tex. App.—Amarillo 2001, no pet.). Sovereign immunity, unless waived, protects the State of Texas, its agencies, and officials from lawsuits for damages. *Fed. Sign*, 951 S.W.2d at 405. On the other hand, official immunity protects a governmental employee from suit for incidents that arise out of her good faith performance of discretionary acts, so long as the employee acted within the scope of her authority. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). However, Sullivan has only been sued in her official capacity as tax assessor-collector. A claim against a state employee in her official capacity is, in effect, a claim against the state, to the extent that the state is a party. *McCartney*, 50 S.W.3d at 606.

4

Sullivan, as the tax assessor-collector, may assert sovereign immunity as a defense. Therefore, absent an applicable waiver, sovereign immunity deprives a trial court of subject-matter jurisdiction over claims against both Stephens County and Sullivan. *Miranda*, 133 S.W.3d at 224.

The issue in this case is whether the State waived immunity through the limited waiver provided for under the Tax Code. TAX § 34.07. In some circumstances, a tax sale purchaser may file an action against the taxing unit to have a void or defective tax sale vacated and set aside and to recover the purchase price. *Id.* § 34.07(d), (e). The action must be "instituted before the first anniversary of the date of sale or resale." *Id.* § 34.07(f). There is uncontroverted testimony that the tax sale occurred on October 5, 2010. The Eatons did not file their lawsuit until December 27, 2012, more than two years after the tax sale. While the Tax Code allows a waiver of sovereign immunity, the Eatons filed their lawsuit after the statutory deadline and are not entitled to the waiver of governmental immunity under the Tax Code. *See id.*; *White v. Eastland Cnty.*, 12 S.W.3d 97, 100 (Tex. App.—Eastland 1999, no pet.) (Although the statute waives sovereign immunity to a limited extent, immunity is still the rule where the act does not apply.). There is no exception in either the statutory language or case law that waives governmental immunity or the statute of limitations based on equitable reasons. *See Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013) (It is the Legislature's sole province to waive or abrogate sovereign immunity.). The trial court erred when it denied Appellants' pleas to the jurisdiction based on governmental immunity under the Tax Code. TAX § 34.07(f). We sustain Appellant's first issue.

Although Appellants may assert governmental immunity, we will address Appellees' collateral attack upon the delinquency judgment. Appellants argue that Appellees lacked standing to collaterally attack the delinquency judgment. A

5

collateral attack seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012). When attacked collaterally, a judgment is presumed valid. *Id.* at 273; *see Loper v. Meshaw Lumber Co.*, 104 S.W.2d 597, 603 (Tex. Civ. App.—Eastland 1937, writ dismissed). But that presumption disappears when the record establishes a jurisdictional defect. *PNS Stores*, 379 S.W.3d at 273. Accordingly, although we presume the default judgment is valid, we may look beyond its face to determine whether the record affirmatively demonstrates that the trial court lacked jurisdiction. *Id.*

A jurisdictional defect is sufficient to void a judgment when it either (1) establishes that the trial court lacked subject-matter jurisdiction over the suit or (2) exposes such personal jurisdictional deficiencies as to violate due process. *Id.* (citing *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008)). Subject-matter jurisdiction is not in question. We must, therefore, determine whether Appellees' complaints of personal jurisdictional defects rise to the level of a due process violation.

A complete failure or lack of service on a party with a property interest adversely affected by the judgment constitutes a due process violation that warrants setting aside the judgment. *Sec. State Bank & Trust v. Bexar Cnty.*, 397 S.W.3d 715, 724 (Tex. App.—San Antonio 2012, pet. denied). A person who is not a party to a judgment only has standing to collaterally attack the judgment if his or her interests were directly and necessarily affected by the judgment. *Grynberg v. Christiansen*, 727 S.W.2d 665, 666–67 (Tex. App.—Dallas 1987, no writ). For example, lienholders with a prior lien on the property have an interest directly and necessarily affected by the delinquency suit and must be joined in the suit. TEX. R. CIV. P. 39(a); *Sec. State Bank*, 397 S.W.3d at 723–24. Failure to join a preexisting lienholder of record violates the lienholder's due process rights, and

6

the void judgment may be collaterally attacked. *Sec. State Bank*, 397 S.W.3d at 723–24; *Grynberg*, 727 S.W.2d at 667.

On the other hand, a purchaser at a tax sale has no direct interest in the underlying default judgment prior to his or her purchase of the property. Appellees did not obtain their interest in the property until they purchased the property at the sheriff's sale. There is no precedent that allows a purchaser at a tax sale to attack the delinquency judgment after the sale beyond what is enumerated under the Tax Code. TAX § 34.07. Allowing a purchaser at a tax sale to bring a collateral attack on the judgment that authorized the tax sale would bring uncertainty to the tax sale process and undermine the finality of tax delinquency judgments. *Browning v. Prostok*, 165 S.W.3d 336, 345–46 (Tex. 2005). Appellees had no interest that was directly and necessarily affected by the delinquency judgment and cannot collaterally attack the default judgment.

Moreover, a trial court's judgment foreclosing a tax lien is only valid against the parties joined in the suit. *Sec. State Bank*, 397 S.W.3d at 722; *see John K. Harrison Holdings, LLC v. Strauss*, 221 S.W.3d 785, 791 (Tex. App.—Beaumont 2007, pet. denied); *Loper*, 104 S.W.2d at 599–600. The delinquency judgment states that the Davises were duly cited by publication, and it is presumed as a matter of law that service was proper and that they are bound by the judgment. *PNS Stores*, 379 S.W.3d at 272. Therefore, the tax judgment is valid as to the Davises' interest in the property. Appellees cannot collaterally attack the default judgment with respect to Juanita Faye Davis and George Dewey Davis, Jr.

While there may be issues as to whether service was accomplished in the underlying tax suit, Appellees are not the proper parties to attack the judgment in a collateral attack. The trial court erred when it allowed Appellees to make a collateral attack on the delinquency judgment.

7

In their sole cross-point, Appellees assert that the trial court violated their due process rights in the delinquency judgment. Appellees cite multiple cases in support of their argument; however, none of these cases are applicable in this case. *Pounds* and *State Mortgage* involved parties with prior interests in the property. *See Pounds v. Jurgens*, 296 S.W.3d 100, 111–12 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *State Mortg. Corp. v Ludwig*, 35 S.W.2d 267, 268 (Tex. Civ. App.—San Antonio 1931), *rev'd on other grounds*, 48 S.W.2d 950 (Tex. 1932). Preexisting interests that are significantly affected by the tax suit are entitled to constitutional notice and due process. *Sec. State Bank*, 397 S.W.3d at 722. However, there is no precedent that gives a purchaser at a tax sale the same constitutional protections as prior interest holders.

Appellees assert that their due process rights were violated because other prior interest holders' rights were violated. Plaintiffs must assert their own legal rights and interests and cannot rest their claims on the due process rights of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Appellees cannot claim a due process violation based on another's due process rights. *Id.*

Appellees also argue that the delinquency judgment was void and, thus, violated their due process rights, as there was no accurate legal description in either the judgment or the subsequent sale. A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. *AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008). A judgment for foreclosure of a tax lien that fails to describe a definite tract of land is void. *Id.* Texas law does not require courts to scrutinize the proceedings of a judicial sale in order to defeat a deed; instead, courts must make every reasonable effort to resolve a deed in favor of the judgment. *Id.* (citing *Hermann v. Likens*, 39 S.W. 282, 284 (Tex. 1897)). The property was described in the sheriff's deed as

8

noted above. The deed conveyed to the Eatons all the "right, title and interest" owned in the property by Juanita Faye Davis and George Dewey Davis, Jr. on the date of the judgment. We cannot conclude, based on the record presented, that the deed was void as a matter of law. *AIC Mgmt.*, 246 S.W.3d at 645. Furthermore, deprivations of property caused by alleged misconduct of public officials do not infringe on constitutional due process rights provided that post-deprivation remedies exist. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). The Tax Code provides two post-deprivation remedies for purchasers at a tax sale who believe they have purchased property at a void or defective tax sale. TAX § 34.07.

Appellees were not parties to the delinquency suit, nor did they have any interest in the property during the pendency of the suit or when the delinquency judgment was rendered. Appellees' interest attached when they purchased the property at the sheriff's sale. Thus, Appellees' due process rights were not violated by Appellants' actions in the delinquent tax suit. We sustain Appellants' second issue, and we overrule Appellees' sole cross-point.

*This Court's Ruling*

We reverse the trial court's order in which it denied Appellants' pleas to the jurisdiction, and we dismiss Appellees' suit against Appellants for lack of subject-matter jurisdiction.


JOHN M. BAILEY
JUSTICE

February 12, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

9