**Affirmed and Opinion filed May 4, 2021.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00279-CV

_____

**ACCORD BUSINESS FUNDING, LLC, Appellant**

**V.**

**MICHAEL W. ELLIS D/B/A AWESOME TRUCKING, Appellee**

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1130040**

## OPINION

Can a party waive a contractual nonwaiver of remedies clause and waive its right to arbitration after initiating litigation and obtaining a judgment that is later declared void? In one issue in this interlocutory appeal, Accord Business Funding, LLC challenges the trial court's denial of its motion to compel arbitration, which Accord filed after Michael W. Ellis d/b/a Awesome Trucking filed a petition for

bill of review to set aside the judgment.[1] The trial court denied the motion and subsequently declared the judgment void for lack of service of process. Concluding that Accord waived the nonwaiver of remedies clause and waived its right to arbitration, we affirm.

## *Background*

Accord and Ellis signed a "Payment Rights Purchase and Sale Agreement" (the Agreement) under which Accord paid Ellis $5,000 in exchange for a percentage of the proceeds of future sales from Ellis's trucking company. Ellis was required under the Agreement to pay Accord $86.31 per day until the "Purchased Amount" of $7,250 was paid to Accord. The Agreement included an arbitration clause and a nonwaiver of remedies clause. Under the nonwaiver of remedies clause, no inaction or delay by Accord could waive "any right under [the] Agreement."

Ellis also signed an "Agreed Judgment" in favor of Accord. After Ellis purportedly defaulted on the Agreement, Accord filed an original petition in the trial court naming Ellis as the defendant. Four days later, without having served the petition, Accord filed the Agreed Judgment, which the trial court signed on the same day. Accord then filed an application for writ of garnishment, and the trial court issued the writ, which required Ellis's bank to withhold deposits from Ellis.

Upon discovering the Agreed Judgment and writ of garnishment, Ellis filed an original petition for bill of review seeking to set aside the Agreed Judgment and dissolve the writ of garnishment based on lack of service. Ellis also brought claims for abuse of process and wrongful garnishment. He sought a judgment declaring

---

[1] The Federal Arbitration Act (FAA) and the Texas Arbitration Act (TAA) both permit an interlocutory appeal from an order denying a motion to compel arbitration. *See* 9 U.S.C.A. § 16; Tex. Civ. Prac. & Rem. Code §§ 51.016, 171.098(a)(1); *see also In re Helix Energy Sols. Grp., Inc.*, 303 S.W.3d 386, 395 n.7 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).

the Agreed Judgment void and sought damages for abuse of process.

Accord then filed a motion to compel arbitration and abate proceedings, and Ellis filed a motion to dissolve the writ of garnishment. After a hearing, the trial court denied the motion to compel arbitration. The trial court subsequently declared the Agreed Judgment void and dissolved the writ of garnishment.

### *Discussion*

In one issue, Accord contends the trial court abused its discretion in denying the motion to compel arbitration. Ellis contends that Accord waived its right to arbitration. We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Whether the claims in dispute fall within the scope of a valid arbitration agreement and whether a party waived its right to arbitrate are questions of law that we review de novo. *Id.*; *Perry Homes v. Cull*, 258 S.W.3d 580, 598 & n.102 (Tex. 2008).

The Agreement does not specifically invoke either the FAA or the TAA but provides that the Agreement shall be governed by the laws of Texas. Accordingly, both the FAA and TAA apply. *Natgasoline LLC v. Refractory Constr. Servs., Co.*, 566 S.W.3d 871, 878 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("If an arbitration agreement does not specify whether the FAA or the TAA applies, but states that it is governed by the laws of Texas, both the FAA and the TAA apply unless the agreement specifically excludes federal law."). The issue of arbitrability, however, is subject to the same analysis under either statute. *Rodriguez v. Tex. Leaguer Brewing Co.*, 586 S.W.3d 423, 427 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

Generally, a party seeking to compel arbitration must establish that a valid arbitration agreement exists and that the claims at issue fall within the scope of that

agreement. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015). Once an arbitration movant meets that burden, a trial court must grant the motion to compel arbitration unless the opposing party proves a defense to arbitration. *Rodriguez*, 586 S.W.3d at 428.

## I. Scope of Arbitration Agreement

The arbitration clause in the Agreement is broad, encompassing "all disputes and claims arising out of or relating to [the] Agreement." But the arbitration clause also reads: "[U]nless a judgment has already been obtained . . . either party . . . may commence an arbitration proceeding." Ellis argues that Accord is not entitled to compel arbitration under the Agreement because a judgment had already been obtained. Accord contends that "[n]o valid judgment was obtained against Ellis." We need not decide whether Accord could commence an arbitration proceeding under the Agreement on the basis that the Agreed Judgment was not valid because even if the claims fall within the scope of the Agreement, Accord waived its right to arbitration.

## II. Waiver of Arbitration

Ellis contends that Accord waived its right to arbitration by filing a lawsuit, obtaining judgment, and obtaining a writ of garnishment. A party establishes waiver of an arbitration clause by demonstrating (1) the other party has substantially invoked the judicial process with conduct that is inconsistent with a claimed right to compel arbitration, and (2) the inconsistent conduct has caused him to suffer detriment or prejudice. *G.T. Leach Builders*, 458 S.W.3d at 511–12; *Perry Homes*, 258 S.W.3d at 589–90. This hurdle is high due to the strong presumption in favor of arbitration. *Perry Homes*, 258 S.W.3d at 590.

**Substantially Invoking the Judicial Process**. We look to the totality of

circumstances to determine whether a party has substantially invoked the judicial process, considering a variety of factors. *G.T. Leach Builders*, 458 S.W.3d at 512. Courts have considered, among other things:

- who initiated the litigation;
- whether the movant sought judgment on the merits;
- the reasons for the movant's delay;
- whether and when the movant knew of the arbitration agreement during the period of delay;
- how much discovery the movant conducted before moving to compel arbitration, and whether that discovery related to the merits;
- whether the movant asserted affirmative claims for relief in court;
- the extent of the movant's engagement in pretrial matters related to the merits (as opposed to matters related to arbitrability or jurisdiction);
- the amount of time and expense the parties have committed to the litigation; and
- when the case was to be tried.

*Id.*; *Perry Homes*, 258 S.W.3d at 591–92.

Ellis filed this lawsuit, but it was in response to Accord's actions in filing the original lawsuit and—without requesting issuance of citation or serving Ellis with the petition—obtaining judgment on the merits and a writ of garnishment commanding Ellis's bank to withhold deposits from his account. Ellis was forced to file a bill of review seeking to set aside the judgment and the writ of garnishment. *See* Tex. R. Civ. P. 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law.").[2] As the drafter of the Agreement, Accord was aware of the arbitration

---

[2] A bill of review is an equitable proceeding to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or direct appeal. *PNS Stores, Inc. v. Rivera*, 379

clause from the outset of the litigation, yet Accord chose to file a lawsuit. Accord filed its motion to compel arbitration only after Ellis filed his bill of review.

Accord thus waited until the Agreed Judgment was challenged before it sought to compel arbitration. Nevertheless, the law is clear—a complete lack of service renders a judgment void. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274 (Tex. 2012); *Sec. State Bank & Tr. v. Bexar Cnty.*, 397 S.W.3d 715, 723 (Tex. App.—San Antonio 2012, pet. denied) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988), and *PNS Stores, Inc.*, 379 S.W.3d at 274). When Ellis filed his timely bill of review, the judgment and writ of garnishment undisputedly would be set aside based on lack of service. Thus, Accord delayed seeking arbitration until it was clear that it would receive an adverse result. Unsuccessfully attempting to obtain a favorable result in court before requesting a referral to arbitration is the type of litigation behavior that supports a trial court's finding that a party waived its right to arbitration. *Prof'l Advantage Software Sols., Inc. v. W. Gulf Mar. Ass'n*, No. 01-15-01006-CV, 2016 WL 2586690, at \*4 (Tex. App.—Houston [1st Dist.] May 5, 2016, no pet.) (mem. op.); *PRSI Trading Co. v. Astra Oil Trading NV*, No. 01-10-00517-CV, 2011 WL 3820817, at \*4 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, pet. denied) (mem. op.); *cf. Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 789-90 (Tex. App.—El Paso 2015, no pet.) ("[W]hen a party delays seeking arbitration until after proceeding in litigation to an adverse result [this] is the clearest form of inconsistent litigation conduct and is inevitably found to constitute substantial invocation of the litigation process resulting in waiver."); *Haddock v. Quinn*, 287 S.W.3d 158, 180 (Tex. App.—Fort Worth 2009, pet. denied) ("[F]ailing to seek arbitration until after proceeding in litigation to an adverse result is the clearest form of inconsistent litigation conduct and is

S.W.3d 267, 275 (Tex. 2012). It must be brought within four years of the rendition of the judgment. *Id.*

inevitably found to constitute substantial invocation of the litigation process resulting in waiver."); *Jones v. Citibank (S.D.), N.A.*, 235 S.W.3d 333, 340–41 (Tex. App.—Fort Worth 2007, no pet.) ("Substantially invoking the judicial process may occur when the party seeking arbitration actively tried, but failed, to achieve a satisfactory result in litigation before turning to arbitration").

Here, Accord was willing to participate in litigation until it saw an adverse result was forthcoming—the inevitable order setting aside the Agreed Judgment and dissolving the writ of garnishment—and was faced with the possibility of a damages finding for abuse of process and wrongful garnishment.[3] Accord's strategy in attempting to switch forums at this juncture is consistent with a late game tactical decision. *See Hogg*, 480 S.W.3d at 791; *see also Tuscan Builders, LP v. 1437 SH6 L.L.C.*, 438 S.W.3d 717, 722-23 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Based on the totality of circumstances and taking the above factors into account, we conclude that Accord substantially invoked the judicial process before moving to compel arbitration. *See Prof'l Advantage Software Sols.*, 2016 WL 2586690, at *5; *see also Hogg*, 480 S.W.3d at 791.

**Suffering Detriment or Prejudice**. In the context of waiver of an arbitration clause, "prejudice refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Perry Homes*, 258 S.W.3d at 597. Such unfairness results when a party attempts "to have it both ways by switching between litigation and arbitration to its own advantage[.]" *Id*. The two critical factors in determining whether a party was prejudiced by the opposing party's delay in asserting arbitration are (1) expenses

---

[3] At the time the trial court heard the motion to compel arbitration, the Agreed Judgment and writ of garnishment were still in place.

incurred by the party during the period of delay; and (2) the effect on the parties' legal positions, including whether the party moving for arbitration would gain an unfair advantage by switching forums from litigation to arbitration. *Id*. at 597; *Hogg*, 480 S.W.3d at 791.

Ellis contends that he was prejudiced by the motion to compel arbitration because at the time the trial court heard the motion, Accord held a money judgment and writ of garnishment against Ellis. A referral to arbitration would have delayed setting aside the judgment and dissolution of the writ of garnishment, required expenses in addition to those Ellis incurred in filing the bill of review, delayed Ellis's access to his bank account, and placed Ellis before an arbitrator after having been already adjudicated liable. We agree that Accord's actions in filing the lawsuit and obtaining an Agreed Judgment and writ of garnishment without serving Ellis with process caused delay, expense, and damage to Ellis's legal position.

As to the expenses incurred, a party need not present evidence of the exact costs he incurred to show prejudice. *Hogg*, 480 S.W.3d at 793. Although proof of prejudice is required to support a claim that a party waived arbitration, "proof establishing the precise extent of that prejudice is not." *Id*. (citing *Perry Homes*, 258 S.W.3d at 599–600). The record demonstrates that after discovering a writ of garnishment had been issued against his bank account, Ellis was forced to file a bill of review seeking to set aside the Agreed Judgment and dissolve the writ. He would not have had to do so if Accord had initiated arbitration instead of filing the lawsuit and improperly obtaining a judgment that was void for lack of service. *See RSL Funding, LLC v. Pippins*, 424 S.W.3d 674, 686 (Tex. App.—Houston [14th Dist.] 2014) ("The record further demonstrates that the [nonmovants] filed numerous pleadings and motions in the trial court that they would not have needed

8

to do had the case proceeded to arbitration earlier than [the movant] made its request."), *aff'd*, 499 S.W.3d 423 (Tex. 2016).[4] We conclude Ellis presented evidence of expenses incurred by Accord's delay.

Regarding the effect on the parties' legal positions, prejudice may be found when a party "attempt[s] to have it both ways by switching between litigation and arbitration to its own advantage[.]" *Perry Homes*, 258 S.W.3d at 597; *Hogg*, 480 S.W.3d at 794. In this connection, "a party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." *Perry Homes*, 258 S.W.3d at 597.

Accord does not dispute that it obtained a judgment and writ of garnishment against Ellis without serving process. Accord agrees that the judgment was indeed void. Despite this knowledge, Accord nevertheless obtained a writ to garnish Ellis's bank account, and when challenged with the bill of review, Accord moved to compel arbitration. This was nothing more than an attempt to gain a tactical advantage at a time when the Agreed Judgment and writ of garnishment were still in place. Sending the case to arbitration at that time would have delayed setting aside the Agreed Judgment and dissolving the writ of garnishment, thus limiting Ellis's access to the funds in his bank account. If the trial court had compelled arbitration at that time, Ellis would not have benefited from the subsequent court order setting aside the Agreed Judgment and dissolving the writ. Ellis, moreover, would have entered arbitration after having already been adjudicated liable. *See Hogg*, 480 S.W.3d at 794. The fact that Ellis filed the bill of review was a direct

---

[4] On appeal, the supreme court did not reach the prejudice prong of waiver because it held the movant did not substantially invoke the judicial process before moving to compel arbitration. *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 434 (Tex. 2016). The supreme court affirmed on the basis that the movant failed to join its assignees in the arbitration. *Id*.

result of Accord's own conduct. *See id*. at 795. We conclude that under these facts, Accord manipulated the exercise of its arbitral rights to its own advantage and to Ellis's detriment.[5] Ellis thus established that Accord's inconsistent conduct caused him to suffer detriment or prejudice.

**Waiving the Nonwaiver Clause**. Accord argues that "the parties contractually agreed to a non-waiver of remedies" and thus Accord could not waive its right to arbitration. Ellis contends Accord waived the nonwaiver clause by its litigation conduct.

A nonwaiver clause can be waived by conduct. *Shields L.P. v. Bradberry*, 526 S.W.3d 471, 482–83 (Tex. 2017); *EWB-I, LLC v. PlazAmericas Mall Tex., LLC*, 527 S.W.3d 447, 468 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *see also In re Am. Nat'l Prop. & Cas. Co.*, 582 S.W.3d 400, 405 (Tex. App.—San Antonio 2018, no pet.) ("[T]he inclusion in an insurance contract of a broadly-worded nonwaiver clause such as the one in this case is not dispositive, as a matter of law, on the issue of whether the insurer waived any of its rights under the contract."). Intent to waive a nonwaiver clause by conduct "must be demonstrated by the surrounding facts and circumstances." *Shields L.P.*, 526 S.W.3d at 485. The conduct must be "unequivocally inconsistent with claiming a known right." *Id*. Waiver through conduct is an "essentially unilateral" action based solely on the conduct of the waiving party, not any other party to the contract. *Id*. To waive a nonwaiver clause, "there must, at a minimum, be some act inconsistent with its terms." *Id*. at 474. Waiver cannot be premised on the same conduct the parties specifically agreed would not give rise to a waiver of contract rights. *Id*. at 474; *see also EWB-I, LLC*, 527 S.W.3d at 468 (involving nonwaiver clause in a restrictive

---

[5] Even though the Agreed Judgment now has been set aside and the writ of garnishment dissolved, Ellis still incurred litigation expenses caused by Accord's delay. He would not have incurred those expenses if Accord had initiated arbitration before obtaining judgment.

covenant).

The nonwaiver of remedies clause states in full:

No failure on the part of [Accord] to exercise, and no delay in exercising, any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exercise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

This nonwaiver clause addresses waiver based on inaction or delay. *See EWB-I, LLC*, 527 S.W.3d at 468. In other words, the failure to exercise the right to arbitration or a delay in exercising the right would not result in waiver. However, Ellis's waiver argument is not based on inaction by Accord—Accord did not simply sit on its right to arbitration to the point of waiving it. *See id*. Instead, Accord took affirmative acts to substantially invoke the judicial process. The nonwaiver of remedies clause does not address whether waiver can be premised on affirmative acts such as the ones taken by Accord in this case. *See id*. at 469. By its plain terms—waiver by inaction or delay—the nonwaiver clause does not apply to the waiver argument presented here that is based on Accord's affirmative steps to litigate its claims to judgment. *See id*. We conclude the nonwaiver of remedies clause did not prevent Accord from waiving its right to arbitration based on Accord's affirmative actions in substantially invoking the judicial process.

Considering the totality of circumstances, we conclude that Ellis established on this record that Accord substantially invoked the judicial process and caused Ellis to suffer detriment or prejudice. We overrule Accord's sole issue on appeal.

### *Conclusion*

For the reasons discussed, Accord waived its right to arbitration.

11

Accordingly, the trial court did not abuse its discretion in denying Accord's motion to compel arbitration. We affirm the trial court's order denying the motion to compel.



/s/    Frances Bourliot
Justice


Panel consists of Justices Bourliot, Hassan, and Poissant.

12